### Norfolk

PETER MILES CHRISTIAN LOW

v.

COMMONWEALTH OF VIRGINIA

No. 0193-89-1

Decided September 11, 1990

COUNSEL

Richard C. Langhorne (Pender & Coward, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—The sole question raised in this appeal is whether the prosecution of Peter Miles Christian Low for robbery following a conviction in general district court for assault and battery was barred under principles of double jeopardy. We conclude that double jeopardy barred the subsequent prosecution, and we reverse the conviction.

Low was convicted in a bench trial for robbing a pizza delivery driver. The evidence showed that Low and an accomplice ordered a pizza and requested that delivery be made to a sporting goods store. The driver testified that when he arrived at the store, Low struck him in the chest, grabbed him by the back of the neck, and demanded his money. Low and his accomplice took $73 from the driver and fled.

Prior to trial on the robbery charge, Low filed in the circuit court a "Plea of Former Jeopardy and Former Judgment." He contended that the robbery indictment should have been dismissed because he previously had been convicted in the general district court for assault and battery arising out of the same criminal incident. He further contended that "[t]he facts and evidence used to prove the violence or intimidation upon which the [robbery] charge is based are the identical facts and evidence used to support the [assault and battery] charge." In support of his plea, Low submitted a circuit court order showing that Low's "appeal of the misdemeanor conviction of assault and battery is withdrawn and

the judgment entered by Virginia Beach District Court . . . is affirmed and the defendant is sentenced to 30 days confinement in jail and fined $150.00 plus court costs." The trial judge overruled Low's plea of double jeopardy after hearing argument on the matter off the record in chambers. Following presentation of the evidence and argument on the record by counsel, Low renewed his plea, which the trial judge again overruled.

■ Initially, the Commonwealth contends that Low is precluded from raising on appeal the issue of former jeopardy because of his failure to substantiate the allegation. No indictment or order of conviction of the assault and battery charge was introduced into evidence at the robbery trial and no transcript of the earlier proceeding was presented to the trial judge or included in the record on appeal. As the Commonwealth correctly points out, in pleading double jeopardy, the burden is on the defendant to establish the identity of the offenses. *Commonwealth v. Davis*, 17 Va. L. Reg. 509, 512 (1911); 2C Michie's Jurisprudence, *Autrefois, Acquit and Convict* § 26 (1986). This burden ordinarily is met by production of the record or transcript of the initial trial. *See Commonwealth v. Myers*, 3 Va. (1 Va. Cas.) 188, 232 (1811).

Nevertheless, a fair reading of the robbery trial transcript in this case shows that, in arguing against Low's motion, the Commonwealth conceded the existence of the prior assault and battery conviction arising out of the same incident. The essence of the Commonwealth's argument against the motion was that prosecution on the robbery charge was not barred under *Blockburger v. United States*, 284 U.S. 299 (1932), because the assault and battery conviction required proof of the actual use of physical force, an element not necessary to sustain a robbery conviction. In closing, the Commonwealth's attorney specifically stated:

I think, Your Honor, if I could briefly respond to that. I think that if there had been no battery, if there had been no hitting, this man would not have been convicted in General District Court and Mr. Langhorne is now trying to say there was an assault, but the man was never convicted of that. He was convicted of assault and battery and he states — recites — from the *Blockburger* case, which has been my position all morning that there has to be an additional element.

Having conceded the matter before the trial judge, the Commonwealth is bound by its concession and is not entitled to raise this issue for the first time on appeal. *See Kelly v. Commonwealth*, 8 Va. App. 359, 367, 382 S.E.2d 270, 274 (1989); Rule 5A:18.

Low's conviction for assault and battery based on the same incident also was treated as an established fact by the trial judge. In arriving at the decision, the trial judge heard argument in chambers and "had extensive discussion with counsel concerning the facts surrounding this matter." The trial judge denied Low's motion. During the trial, the trial judge stated for the record that the case "involve[d] a continuing action from beginning to end without any separate incidences whatsoever," and that the issue was "whether assault or battery can be carved out of that continuing act." The trial judge further stated, "I don't think there is a scintilla of evidence in this record that there is a separate act of assault and battery. . . ."

■ Recently, in *Grady v. Corbin*, 495 U.S. 508 (1990), the Supreme Court clarified the standard for determining whether successive prosecutions are barred by the double jeopardy clause of the fifth amendment. The traditional test is set forth in *Blockburger v. United States*, 284 U.S. 299 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304. The *Grady* Court stated that the *Blockburger* test, however, is not the exclusive means of vindicating double jeopardy protections. *Grady*, 495 U.S. at 519. The Court adopted the reasoning of *Illinois v. Vitale*, 447 U.S. 410 (1980), that "even if two successive prosecutions were not barred by the *Blockburger* test, the second prosecution would be barred if the prosecution sought to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution." *Grady*, 495 U.S. at 510.

■ Under the *Grady* standard, both tests may be required in order to make the appropriate analysis.

> To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred.

*Id.* at 516. Where, however, the subsequent prosecution survives the *Blockburger* test, the critical inquiry becomes whether, in the subsequent prosecution "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521 (footnote omitted).

Turning to the present case, we assume, in the absence of a record of Low's trial and conviction of assault and battery, that the "proof in the first trial followed the charge and that no other offense was proved or tried." *Martin v. Taylor*, 857 F.2d 958, 960 (4th Cir. 1988). We also draw the reasonable inferences from the Commonwealth's concessions at trial and the trial judge's findings. The material evidence probative of conviction in the assault and battery trial necessarily must have included an unlawful touching of the victim. *See Lynch v. Commonwealth*, 131 Va. 762, 765, 109 S.E. 427, 428 (1921). That proof was not a necessary element of the robbery conviction. Robbery may be committed either by actual use of force against a person "or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms or other deadly weapon or instrumentality." Code § 18.2-58. Thus, it is clear that the subsequent prosecution for robbery survives the *Blockburger* test because the assault and battery offense required proof of a fact, an unlawful touching, that the robbery offense did not. *See Blockburger*, 284 U.S. at 304.

Analyzing whether the subsequent prosecution was permissible in light of the dictates of *Grady*, however, we reach a different conclusion. It is evident from the testimony of the victim in the robbery trial that in order to prove the element of violence or intimidation, the Commonwealth in its proof relied on conduct which constituted the offense for which Low had already been prosecuted. The victim specifically testified:

[A]s I turned towards [Low], I caught a fist directly in the chest dead center. At the time, everything went flying. I went down. . . . I was grabbed by Mr. Low by the back of the neck. I was told to look down at the ground and he reminded me how big he was and that he could [hurt] me . . . real bad and beat . . . me if I didn't cooperate and give him the money.

Thus, the proved conduct violates the dictates of *Grady*.

For the foregoing reasons, we hold that the trial judge erred in overruling Low's plea of former jeopardy. The judgment appealed from is reversed and the indictment is dismissed.

*Reversed and dismissed.*

Moon, J., concurred.

Baker, J., dissenting.

I respectfully disagree with the finding of the majority that the record contains sufficient evidence to conclude as a matter of law that the trial court erred when it ruled that appellant had not met his burden to prove that the double jeopardy clause barred his prosecution for robbery. I further disagree with the majority's finding that the record contains proof of conduct that "violates the dictates of *Grady*."

As is stated by the majority, the defendant must prove the identity of the offenses and show that his case falls within the rule of *Grady*. Furthermore, where the trial court has made findings of fact, on appeal, we must view the facts in the light most favorable to the Commonwealth, granting to it all inferences reasonably deducible therefrom. I am of opinion that the majority has reversed that rule in its search for a reason to support its holding.

Appellant argues that the evidence presented in the general district court to obtain an assault and battery conviction was the same evidence that was used to convict him for robbery. However, he failed to provide the trial court or the Court of Appeals either with a transcript or statement of facts in lieu thereof to support his claim. Likewise, he did not have a witness testify in the trial court as to what evidence was produced in the district court. On the face of the charges, it is obvious that an additional fact, the

taking of money or things of value, is required to prove the robbery that is not necessary to prove the battery charge. We are left to speculate as to the meaning of the Commonwealth Attorney's "thoughts" quoted by the majority to support the reversal.

My examination of the record in this case discloses that, viewed in its totality, it sufficiently supports the judgment of the trial court, and further fails to disclose that appellant met his burden to bring his plea within either the *Blockburger* or *Grady* tests.

Accordingly, I would affirm the judgment of the trial court.