## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Larry Wayne Cothran

December 4, 1990

By JUDGE ROBERT C. GOAD

The defendant was convicted on September 20, 1990, in the General District Court of Amherst County, Virginia, on a misdemeanor charge of unlawfully entering the property of the Amherst County School Board, to wit Amherst County High School, for the purpose of damaging such property. This must be a charge of entering the High School Building and not the grounds surrounding the building.

On the 9th day of October, 1990, the Grand Jury of Amherst County indicted the defendant for breaking and entering the High School Building with the intent to commit arson and for arson of the High School Building. The charges in the misdemeanor warrant and the two felony indictments are alleged to have occurred at the same time and place. The two indictments were tried on October 26, 1990, before the Court sitting without a jury on pleas of not guilty, and at the conclusion of all the evidence, the defendant moved the Court to dismiss both indictments on the ground of double jeopardy under the case of *Grady v. Corbin*, 110 S. Ct. 2084 (1990), decided in the Supreme Court of the United States on May 29, 1990. *See, Low v. Commonwealth*, 11 Va. App. 48 (1990), decided in the Court of Appeals on September 11, 1990, in which *Grady v. Corbin* was used as authority for the decision.

So the question in the instant cases is whether or not in order to establish an essential element of

the above two indictments, the prosecution will prove conduct constituting the previously prosecuted misdemeanor. It is obvious that the answer to this question is yes in the case of indictment No. 6938, charging a breaking and entering of the Amherst County High School with intent to commit arson therein. The prosecutor would have to prove the misdemeanor conduct of entering the Amherst County High School Building for the purpose of damaging such property. However, in order to establish the crime of arson of the Amherst County High School Building, the prosecutor will not have to prove any of the conduct constituting the previously prosecuted misdemeanor offense.

July 3, 1991

By JUDGE J. SAMUEL JOHNSTON, JR.

This opinion is based upon a reading of the transcription of the October 26, 1990, proceedings and the memoranda of counsel. I am in complete accord with the opinion of Judge Goad dated December 4, 1990, wherein he found that the felony of breaking and entering would necessarily prove previously adjudicated conduct and would thus violate the holding of *Grady v. Corbin*, 110 S. Ct. 2084 (1990). Accordingly, that charge (indictment No. 6938) will be dismissed.

The more difficult inquiry concerns the arson charge. First, I reject defendant's contention that there is a failure of proof as to the elements of arson. The record supports a finding that there was a breaking and entering in the nighttime with the intent to commit arson. There is also sufficient evidence to support the finding of arson. I likewise reject the Commonwealth's assertion that the felony trials do not represent successive prosecutions.

A defendant is in jeopardy when he is put to trial. *Greenwalt v. Commonwealth*, 224 Va. 498 (1982). The rules governing the attachment of jeopardy are well settled at criminal law. *See, Serfass v. United States*, 420 U.S. 377 (1975), *Crist v. Bretz*, 437 U.S. 28 (1978), *Bradshaw v. Commonwealth*, 228 Va. 484 (1984), and *Moore v. Commonwealth*, 218 Va. 388 (1977). The record supports the finding that the felony trials constituted successive prosecutions.

The scrutiny required here is whether the Commonwealth, to establish an essential element of an offense (arson) in a subsequent prosecution, proved conduct that constitutes an offense for which the defendant has already been prosecuted. The litigated misdemeanor charge of entering school property for the purpose of damaging property is not a lesser included offense of arson. Arson involves damage to or destruction of property (a building or dwelling) by fire.

The trial of Mr. Cothran proved that he damaged or destroyed school property (Tr. pp. 80 and 86) and that he also committed arson. If the Commonwealth proved the "arson" conduct of Mr. Cothran in the misdemeanor trial as an element of that offense, then the subsequent felony of arson is barred by the *Grady* decision. If the Commonwealth did not adduce evidence of the "arson" conduct to obtain the misdemeanor conviction, the felony charge of arson is not barred.

There is ample evidence to support a finding of destruction of property (fire extinguishers shot off, cords cut, telephone wire pulled out) by eschewing any evidence of arson. The Commonwealth is correct when it states that the misdemeanor conduct of entering the school property is not a necessary element of the arson charge. For example, the defendant could be lawfully on the school premises and still commit the arson. The fact that all of the defendant's conduct was adduced at the felony trial does not run afoul of *Grady*.

The record is devoid as to whether the arson conduct of the defendant was utilized to obtain the misdemeanor conviction. Defendant hints that it was. Upon proper proof that it was, I shall dismiss the arson charge. This case is not self-authenticating as was *Low v. Commonwealth*, 11 Va. App. 48 (1990). Absent proper proof, I will convict the defendant of arson.

It will be thus necessary for a brief evidentiary hearing unless both attorneys agree to a stipulation of fact.