## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Guy Evan McCook

January 3, 1991

Case No. CR90-435

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this pretrial proceeding is whether the prosecution of the defendant for possession of cocaine following a conviction of possession of marijuana, where both substances are traced to a single device found on the defendant at the time of his arrest, is barred under principles of double jeopardy.

*Facts*

McCook was arrested on May 12, 1990, for reasons unrelated to this decision. At the time of the arrest, the police officers found a brass smoking pipe in his possession. Suspecting that the pipe contained marijuana, McCook was charged with possession of marijuana.

When the laboratory report was filed indicating the presence of cocaine residue as well as marijuana in the pipe, McCook was charged in a second warrant with possession of cocaine.

McCook was tried and convicted of marijuana possession in the general district court on July 31, 1990. The cocaine possession charge was certified on the same day to the grand jury, which later indicted McCook.

In a pretrial motion, McCook argues that this prosecution is barred because "this offense necessarily involves the same act of possession in that both the marijuana and cocaine residue were found in the same smoking pipe, commingled." He points out that proof in this case would have to be "the same evidence of possessory acts for which the defendant has been previously convicted," in violation of the double jeopardy clause as interpreted and applied in *Grady v. Corbin*, 110 S. Ct. 2084 (1990).

### Discussion

The double jeopardy clause of the Fifth Amendment prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes whenever each statute does not require proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299 (1932). Thus, the traditional test, announced in *Blockburger*, asks whether each offense requires proof of a fact that the other does not. Even if two successive prosecutions are not barred by the *Blockburger* test, the second prosecution will be barred if the prosecution seeks to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution. *Illinois v. Vitale*, 447 U.S. 419 (1980); *Grady v. Corbin, supra*; *Low v. Commonwealth*, 11 Va. App. 48, 396 S.E.2d 383 (1990).

In *Grady*, the Court made it clear that successive prosecutions must do more than merely survive the *Blockburger* test.

> As we suggested in *Vitale*, the double jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

In *Vitale*, the defendant was involved in a fatal auto accident and charged with failure to reduce speed to avoid an accident, a traffic offense under Illinois law. After his conviction of that charge, he was charged with involuntary manslaughter based on his reckless driving. The Court held that the second prosecution was not barred by the traditional *Blockburger* test because each offense required proof of a fact which the other did not. (For example, involuntary manslaughter requires proof of a death, but failure to reduce speed does not.) But the Court did not stop there. Even if the second prosecution would not violate the *Blockburger* test, the Court noted, it may be that to sustain the manslaughter case, the State would need to prove a failure to slow or to rely on conduct necessarily involving failure to slow. In that event, the Court said, because Vitale had already been convicted for conduct that is a necessary element of the more serious crime of manslaughter, his claim of double jeopardy would be sustained.

Similarly, in *Grady*, the defendant was involved in a fatal auto accident. He was charged with and convicted of drunk driving and failing to keep to the right of the median. Later, he was indicted for manslaughter. A bill of particulars (filed by the State in response to a defense motion) admitted that the State would prove the entirety of the conduct for which the defendant was earlier convicted -- driving drunk and failing to keep to the right of the median -- to establish essential elements of the manslaughter offense. For that reason, the Court held that the double jeopardy clause barred the manslaughter prosecution.

McCook argues that the rationale of these cases governs his predicament in this case. This second prosecution, he says, "must necessarily be proved by the same evidence of possessory acts for which the defendant has been previously convicted." The court disagrees.

What *essential element* of this second charge will be established by proof of conduct for which the defendant was convicted in the first prosecution? McCook says that the conduct is the same in both cases: possession of a single smoking device, containing a single substance which, chemically analyzed, is shown to have contained residue of two drugs.

The first fallacy in this argument is the play on the word "substance." McCook is not charged in successive prosecutions with possession of *a* substance; instead, he has been charged with possession of *two* separate and distinct illegal substances, in violation of two separate statutes, which he allegedly placed in the same device.

Moving from the "one substance" argument to the "one device" argument, that analysis, too, is flawed for the reason that McCook has never been charged with a crime related to possession of the brass pipe itself. Proof of possession of that device -- as contrasted with proof of possession of the substance itself -- is not an essential element of cocaine possession (or, for that matter, marijuana possession).

At bottom, McCook has been charged with two unrelated crimes, the detection of which arose out of the same arrest incident. He was found to be in possession of marijuana, a criminal act. He was also charged with being in possession of cocaine, a separate criminal act involving none of the elements of the first prosecution. The fact that he possessed both illegal substances at the same time, in the same container, does not bar successive prosecutions for both offenses.

This result is consistent with *Grady*. There, the Court made a point of noting that its holding "would not bar a subsequent prosecution on the [manslaughter charge] if . . . the State would not rely on proving the conduct for which [the defendant] had already been convicted (i.e., if the State relied solely on [the defendant's] driving too fast in heavy rain [rather than drunkenness or crossing the median] to establish recklessness or negligence)." It is clear from this comment that the Court did not intend the act of *driving* to serve as the "conduct" which would bar any subsequent prosecution having anything to do with the defendant's operation of the car. Likewise, here, the defendant's act of possessing a brass pipe is not the preclusive "conduct" which would bar a subsequent prosecution having anything to do with the defendant's possession of the pipe. This is because possession of the pipe, like driving in *Grady*, is not the "conduct" that "constitutes an offense for which the defendant has already been prosecuted."

52

### Conclusion

Because the Commonwealth will not establish an essential element of this offense by proof of conduct that constitutes an offense for which McCook has already been prosecuted, this prosecution is not barred by the double jeopardy clause and, accordingly, the motion is denied. Trial has been heretofore scheduled for January 18, 1991, without a jury.