## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

    v.

Joseph Christopher Clemons

February 15, 1991

Case No. CR91-14

By JUDGE WILLIAM H. LEDBETTER, JR.

The issue in this pretrial proceeding is whether the Commonwealth is barred under principles of double jeopardy from prosecuting the defendant for escape (Virginia Code § 18.2-477) following his conviction of two misdemeanors arising out of the same incident.

*Facts*

On September 6, 1990, Clemons appeared before this court for trial of a felony theft charge. He was convicted and remanded to the custody of the sheriff to await sentencing. According to the Commonwealth's allegations, Clemons escaped while awaiting transportation to the regional jail. A warrant was issued and Clemons was arrested on December 16, 1990.

In addition to the felony escape charge, Clemons was charged with two misdemeanors: destruction of the holding cell from which he allegedly escaped and petit

larceny of the shackles that he was wearing at the time. He was convicted of the misdemeanors in general district court on January 8, 1991, and sentenced to serve sixty days in jail. The escape charge was certified, and the grand jury returned an indictment on January 28, 1991.

In a pretrial motion, Clemons contends that this prosecution is now barred because "this offense [escape] necessarily involves the same acts for which the defendant has been previously tried and sentenced."

### Discussion

This court recently had occasion to examine and apply the principles of double jeopardy enunciated in *Grady v. Corbin*, 110 S. Ct. 2084 (1990). *See, Commonwealth v. McCook*, Circuit Court of the City of Fredericksburg No. CR90-435 (1991). A summary of that analysis follows.

The double jeopardy clause of the U. S. Constitution prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes whenever each statute does not require proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299 (1932). Under this traditional test, the question is whether each offense requires proof of a fact that the other does not.

Even if two successive prosecutions are not barred by the *Blockburger* test, the second prosecution is barred if the prosecution seeks to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution. *Illinois v. Vitale*, 447 U.S. 419 (1980); *Grady v Corbin, supra*; *Low v. Commonwealth*, 11 Va. App. 48, 396 S.E.2d 383 (1990).

In *Grady*, the Supreme Court made it clear that successive prosecutions must do more than merely survive the *Blockburger* test:

> [T]he double jeopardy clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that consti-

tutes an offense for which the defendant has already been prosecuted.

The inquiry, then, is: what *essential element* of this charge (escape) will be established by *proof of conduct that constitutes an offense* (petit larceny or destruction of property) for which Clemons has already been prosecuted?

For the reasons explained below, the court cannot sustain the motion without further stipulations of facts, a bill of particulars, or presentation of the Commonwealth's evidence.

In order to prove the crime of escape under § 18.2-477, the Commonwealth must establish that (1) Clemons was confined in jail or was in custody after conviction of a crime; (2) he unlawfully fled or departed from lawful custody; and (3) force or violence was used to effectuate the departure. *See* 7A M.J., *Escape* § 1.

The parties stipulate that the petit larceny conviction resulted from Clemons's carrying away the shackles on his ankles, placed there by the sheriff as a restraint, at the time of his alleged escape. The parties also stipulate that the destruction of property conviction resulted from Clemons's damage to the holding cell while he was effecting the alleged escape.

It is inconceivable that the Commonwealth will rely on the theft of the shackles to prove the escape. None of the three *essential elements* of the crime of escape under § 18.2-477 will be established by proof of conduct that constitutes the petit larceny for which Clemons has been convicted. The defendant's argument that the petit larceny necessarily involved an "asportation," and the asportation, perforce, was the act of flight, misses the point. As Justice Brennan noted in his majority opinion in *Grady*, "the presentation of specific evidence in one trial does not forever prevent the government from introducing the same evidence in a subsequent proceeding." Applying the *Grady* analysis to the facts of this case, it is apparent that the Commonwealth will not rely on the "asportation" of the shackles to prove the escape. Stated differently, Clemons's theft of the shackles is not the "conduct" that "constitutes an offense for which the defendant has already been prosecuted." Therefore, the prosecution of escape is not barred by the previous conviction of petit larceny.

However, the previous conviction of destruction of property presents a wholly different problem. If the Commonwealth intends to establish "force" or "violence" -- a necessary element of escape under § 18.2-477-- by proof of Clemons's destruction of the holding cell, this prosecution will be barred under the holding in *Grady*. If, on the other hand, the Commonwealth can establish "force" or "violence" without relying on the same conduct that formed the basis of Clemons's conviction of destruction of property, the prosecution for escape will not be barred. Based on the stipulations, it may be that the Commonwealth has conceded that the destruction of property for which Clemons has been convicted is the same conduct that will be the "force" or "violence" needed to prove the escape charge. However, because the stipulation on that crucial point is not precise and the record contains no other details relevant to this inquiry, the court cannot bar the prosecution at this juncture.

## Conclusion

Because the Commonwealth will not establish an essential element of escape by proof of Clemons's theft of the shackles, this prosecution is not barred by the previous conviction for petit larceny. Whether this prosecution is barred by Clemons's previous conviction for destruction of property depends upon the use to which the Commonwealth will put that conduct to establish an essential element of the crime of escape. Because the court cannot determine that issue on the record before it at this juncture, the motion will be denied with leave to the defendant to re-assert the bar of double jeopardy if and when the facts warrant it.