KEITH LAMONT CURTIS

v.

COMMONWEALTH OF VIRGINIA

No. 1000-89-2

Decided May 21, 1991*

---

* Petition for rehearing granted June 17, 1991.

COUNSEL

Donald E. Hines (Traylor & Morris, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.**—Keith Lamont Curtis appeals his conviction for the attempted capital murder of Dominica Harris in the commission of or subsequent to rape. The sole issue on appeal is whether the prosecution for attempted capital murder is barred under principles of double jeopardy when Curtis had been previously convicted in Richmond for one of the two rapes that served as predicates for the attempted capital murder charge. We hold that the conviction is barred, using the Richmond rape as a predicate, and reverse Curtis' conviction.

On September 9, 1988, Curtis raped Dominica Harris in his apartment in the City of Richmond. He then transported Harris to a location in Chesterfield County where he raped her a second time. Curtis then struck Harris with a jack that he had retrieved from the trunk of his car and left her on the side of the road. Harris's jugular vein had been severed and that wound, along with the associated blood loss, was potentially fatal.

The defendant was tried and convicted in the Circuit Court of the City of Richmond of raping Harris. Subsequently, in April 1990, the defendant was tried in the Circuit Court of Chesterfield County on indictments charging that on September 9, 1988, in the County of Chesterfield, he did: (1) maliciously wound Dominica Harris; (2) rape Dominica Harris; and (3) attempt to kill Dominica Harris in the commission of or subsequent to rape.

In the Chesterfield trial, without objection from the defendant, Harris testified concerning the rape which occurred in Richmond. However, in arguing the jury instructions, Curtis objected on double jeopardy grounds to the use of the Richmond rape to support the attempted capital murder charge. The trial court overruled this objection, finding that the Chesterfield jury could consider the rape in Richmond as a predicate for the attempted capital murder in Chesterfield County.

The jury was given a verdict form drafted as follows:

---

** Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

We the jury find the defendant guilty of attempted capital murder of Dominica Harris in the commission of or subsequent to rape(s) that occurred in (choose one):

    _____ Chesterfield
    _____ Richmond
    _____ Both Chesterfield and Richmond

and fix his punishment at:

 

                            Foreman

The jury returned their verdict in the following words:

We the jury find the defendant guilty of attempted capital murder of Dominica Harris in the commission of or subsequent to rape that occurred in both Chesterfield and Richmond and fix his punishment at life in prison.

                    [Signed by Foreman]
                          Foreman

The defendant was also convicted of the Chesterfield rape. The malicious wounding charge was dismissed on the motion of the Commonwealth's attorney.

On appeal, the defendant asserts that the attempted capital murder charge was barred by double jeopardy. Specifically, he asserts that under *Grady v. Corbin*, 495 U.S. 508, 510 (1990), the trial judge erred in permitting the jury to consider the Richmond rape, for which he had previously been tried, as an element of attempted capital murder. The Commonwealth claims that consideration of this issue is barred by Rules 5A:18 and 3A:9(b)(1) and that the case at bar presents a situation significantly different from *Grady* because two jurisdictions are involved.

As a preliminary matter, the Commonwealth asserts that the double jeopardy claim was untimely because it was not raised until after the Commonwealth's case-in-chief in violation of Rules 5A:18 and 3A:9(b)(1). However, we find that the issue was timely raised despite the defendant's failure to object at the time the evidence of the Richmond rape was admitted. On appeal, the defend-

ant is not objecting to the admission of the evidence concerning the Richmond rape. Indeed, the defendant could not be heard to complain of its admission. While evidence of other crimes is generally inadmissible due to its prejudicial nature, it is admissible "in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial." *Tomlinson v. Commonwealth*, 8 Va. App. 218, 224, 380 S.E.2d 26, 30 (1989). As the Supreme Court has recently reaffirmed, the presentation of specific evidence in one trial does not forever prevent the introduction of that evidence in a subsequent proceeding. *Dowling v. United States*, 493 U.S. 342 (1990). This evidence was admissible to show motive and intent and is connected with and leads up to the offense charged.

The defendant's argument is to the use of the Richmond rape as a predicate for the attempted capital murder charge when he has previously been convicted of that rape. The indictment in Chesterfield County did not mention the Richmond rape. Therefore, Curtis could not have known that the Commonwealth would seek to use the Richmond rape as a predicate for the attempted capital murder until the proposed jury instructions were examined. When this came to Curtis's attention, a prompt objection was made. Thus, this issue may be raised on appeal.

On the merits, the issue is controlled by *Grady* which "clarified the standard for determining whether successive prosecutions are barred by the double jeopardy clause of the fifth amendment." *Low v. Commonwealth*, 11 Va. App. 48, 51, 396 S.E.2d 383, 385 (1990). In *Grady*, Corbin was involved in a traffic accident in which his automobile struck oncoming vehicles, killing one person and injuring another. That same evening, he was served with a traffic ticket charging him with the misdemeanor of driving while intoxicated and another charging him with failing to keep to the right of the median. 495 U.S. at 511.

Corbin pled guilty to these two misdemeanors. *Id.* at 512. He subsequently was indicted for reckless manslaughter, second degree vehicular manslaughter, criminally negligent homicide, third degree reckless assault and driving while intoxicated based on the same incident which had given rise to the misdemeanor charges. *Id.* at 513. The prosecution filed a bill of particulars identifying the three reckless or negligent acts on which it would rely to prove

the homicide and assault charges: (1) operating a motor vehicle on a public highway in an intoxicated condition; (2) failing to keep right of the median; and (3) driving approximately 45 to 50 miles per hour in heavy rain. *Id.*

■ The Supreme Court stated that, in making its double jeopardy analysis, it must first apply the traditional *Blockburger* test.[1] "If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Grady*, 495 U.S. at 516. The respondent conceded that *Blockburger* did not bar prosecution for reckless manslaughter, criminally negligent homicide, and third degree reckless assault.

■ However, the Court did not end its inquiry at this point. The Court explained:

The *Blockburger* test was developed "in the context of multiple punishments imposed in a single prosecution." In that context, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." The *Blockburger* test is simply a "rule of statutory construction," a guide to determining whether the legislature intended multiple punishments.

Successive prosecutions, however, whether following acquittals or convictions, raise concerns that extend beyond merely the possibility of an enhanced sentence.

*Grady*, 495 U.S. at 516-18 (citations omitted).

■ The Court noted that multiple prosecutions give the state an opportunity to rehearse the presentation of evidence and place an additional burden on the defendant because he must face each of the charges in a separate proceeding. *Id.* at 518. The Court held

---

[1] The *Blockburger* test is stated as follows:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932).

that, as it suggested in *Illinois v. Vitale*, 447 U.S. 410 (1980), even if *Blockburger* would allow a successive prosecution, the reviewing court must determine if, in the latter prosecution, "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521.

Applying this standard, the Court found that the second prosecution was barred. By its own pleadings, the state admitted that in the second trial it would prove the entirety of the conduct for which Corbin had been convicted, driving while intoxicated and failing to keep to the right of the median. Therefore, the subsequent prosecution was barred. *Id.* at 523.

■ Several Virginia cases have addressed the application of double jeopardy principles to convictions for capital murder and the underlying felonies of rape and robbery. These cases have relied on decisions holding that the *Blockburger* test does not apply to multiple convictions in a single trial when the legislature clearly intends to impose multiple punishments for a single offense. *See Turner v. Commonwealth*, 221 Va. 513, 530, 273 S.E.2d 36, 47 (1980), *cert. denied*, 451 U.S. 1011 (1981). This Court has stated that "the General Assembly clearly intended to authorize separate and cumulative punishments for capital murder and the underlying felonies of robbery and rape when such convictions were obtained in a single trial." *Peterson v. Bass*, 2 Va. App. 314, 320, 343 S.E.2d 475, 480 (1986). However, unlike in *Peterson* and *Fitzgerald v. Commonwealth*, 223 Va. 615, 292 S.E.2d 798 (1982), *cert. denied*, 459 U.S. 1228 (1983). Curtis was subjected to successive prosecutions and his convictions were not obtained in a single trial. As a result, the inquiry cannot end with a consideration of *Blockburger*.

■ We must determine whether the prosecution, to establish an essential element of the capital murder charge, proved conduct for which the defendant had already been prosecuted. A threshold question is whether Curtis has adequately substantiated his earlier conviction. In pleading double jeopardy, the burden is on the defendant to establish the identity of offenses. *Low*, 11 Va. App. at 50, 396 S.E.2d at 384. This burden ordinarily is met by the production of the record or transcript of the initial trial. *Id.* Here, no record of the Richmond trial was introduced into evidence. How-

ever, as in *Low*, the Commonwealth conceded this issue before the trial court. In arguments concerning the double jeopardy issue, the Commonwealth's attorney stated, "I might agree with him [defense counsel], Your Honor, had he not been found guilty of the rape in the city but he was found guilty." The Commonwealth does not contest the fact that the rape in the defendant's apartment was the same rape that had previously been prosecuted in the City of Richmond.

■ As in *Low*, we must assume, in the absence of a record of the Richmond trial, that "proof in the first trial followed the charge and that no other offense was proved or tried." 11 Va. App. at 52, 396 S.E.2d at 385 (quoting *Martin v. Taylor*, 857 F.2d 958, 960 (4th Cir. 1988)). The conviction of rape in Richmond must necessarily have involved proof of the conduct occurring in Curtis' apartment, which was also shown in the Chesterfield trial. As previously discussed, the admission of the evidence concerning the Richmond rape, standing alone, did not violate double jeopardy. The test in *Grady* is not a "same evidence" or "actual evidence" test. "The critical inquiry is what conduct the state will prove, not the evidence the State will use to prove that conduct." *Grady*, 495 U.S. at 521. When the trial court found that the Chesterfield jury could consider the Richmond rape as a predicate for the capital murder charge and the jury was given a verdict form embodying this decision, double jeopardy was violated. The fact that there were two jurisdictions involved is not sufficient to distinguish the present case from *Grady*.

The Commonwealth argues that such error was harmless because Curtis was convicted of the Chesterfield rape and this rape alone could have supported the attempted capital murder conviction. Also, the evidence of the Richmond rape was admissible and certainly would have been considered by the jury.

■ "[W]here a federal constitutional right has been violated, the conviction must be reversed unless the government proves that the error was harmless beyond a reasonable doubt." *Mason v. Commonwealth*, 7 Va. App. 339, 348, 373 S.E.2d 603, 608 (1988). Error will be presumed to be prejudicial unless it plainly appears that it could not have affected the result. *Joyner v. Commonwealth*, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951). Curtis was sentenced to the maximum penalty. We find that this error

was not harmless beyond a reasonable doubt.

For the reasons stated, we reverse the defendant's conviction of attempted capital murder and remand for a new trial consistent with the views expressed in this opinion.

*Reversed and remanded.*

Barrow, J., and Willis, J., concurred.