**Charlottesville**
WILLIAM ANTHONY JOHNSON
v.
COMMONWEALTH OF VIRGINIA
No. 1913-90-2
Decided January 14, 1992

COUNSEL

William A. Nunn, III, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General; Margaret Ann B. Walker, Assistant Attorney General, on brief), for appellee.

OPINION

BARROW, J.—This is an appeal of a conviction of abduction. The defendant contends that a prior conviction for assault arising out of the same incident bars this conviction under double jeopardy principles. We hold that the conviction for abduction is not barred by the previous conviction for assault because, although the conviction arose out of the same incident, the conduct proved to support each conviction was not the same.

The defendant used a car he was driving to force the victim, who was riding in another car, off the road. The defendant then approached the car in which the victim was a passenger and demanded that she get out. He threatened to cut her throat with a knife he was holding if she did not do so. The victim left the car, and the driver departed for help.

For approximately one hour, the defendant held the victim hostage. At first, he walked along the road with her, gripping her across the chest and holding the knife to her throat. Then he forced her away from the road and into some woods. The defendant forced the victim to remain there with him until she heard people calling for her from the road. He then fled from the scene.

The defendant was first convicted of misdemeanor assault in violation of Code § 18.2-57. Later, he was tried and convicted in a bench trial of felony abduction in violation of Code § 18.2-47. At the end of the Commonwealth's case in the abduction trial, the defendant moved the trial court to strike the Commonwealth's evidence on the ground of double jeopardy. The trial court denied the

motion.[1]

Whether the second of two successive prosecutions is barred by double jeopardy depends upon the resolution of a two-part test. *Grady v. Corbin*, 110 S. Ct. 2084, 2092 (1990). The first part of the test was announced in *Blockburger v. United States*, 284 U.S. 299 (1932); the second part was announced in *Grady*.

Under *Blockburger*, the second of two prosecutions is not barred if each offense "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. In this case, the offense of assault and that of abduction each required proof of a fact that the other did not. The assault required proof of an attempt or offer to do bodily harm through an unlawful show of force and violence. *Harper v. Commonwealth*, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955). The abduction required proof of an asportation or detention by force, intimidation or deception. Code § 18.2-47. Assault, therefore, required proof of force while abduction, although it may have been accomplished by force, did not require proof of force because it may also have been accomplished through intimidation or deception. Abduction, on the other hand, required proof of asportation or detention while assault did not.

Under the second part of the test, a successive prosecution is barred "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 110 S. Ct. at 2087. *Grady* does not prohibit the introduction of the same evidence in successive prosecutions. *Dowling v. United States*, 493 U.S. 342, 348 (1990). A successive prosecution is not barred if the earlier prosecution was for an offense based on different conduct than the second, even though the offenses may have arisen out of the same incident or

---

[1] The defendant's burden in establishing the identity of offenses to assert double jeopardy is ordinarily met by producing the record or transcript of the first trial. *Low v. Commonwealth*, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990). This record does not contain the record or transcript of the first trial; however, in its argument before the trial court, the Commonwealth conceded the existence of the prior assult conviction arising out of the same incident. The Commonwealth is bound by this concession and is not entitled to raise this issue for the first time on appeal. *Id.* at 50-51, 396 S.E.2d at 384-85.

transaction. *See Martin v. Commonwealth*, 242 Va. 1, 5, 406 S.E.2d 15, 16 (1991).

In this case, the conduct used to support the second prosecution was not the same conduct as that used to support the first conviction. Evidence of separate, discrete conduct by the defendant supported each offense. Evidence that the defendant forced the victim out of the car by threatening her was the conduct supporting the conviction of abduction. Evidence that the defendant later walked along the road with the victim, gripping her across the chest and holding the knife to her throat, was the conduct supporting the conviction for assault. Therefore, even though the assault arose out of the same incident giving rise to the abduction, the conduct proved to support the assault conviction was not the "same conduct" used to support an essential element of the abduction conviction. The fact that the same evidence, in whole or in part, was used in both trials does not give rise to a double jeopardy objection.[2]

Having concluded that the judgment of conviction in this proceeding is not barred by the prior conviction of assault, we affirm the judgment.

*Affirmed.*

Coleman, J., and Moon, J., concurred.

---

[2] The defendant's double jeopardy claim would be substantial had the Commonwealth proved the assault charge by showing only that the defendant forced the victim out of the car by threatening her — the "same conduct" used to support the abduction charge.