COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


RONNIE DWAYNE MARLOWE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0519-98-3        JUDGE RUDOLPH BUMGARDNER, III
                                          MARCH 16, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                  William N. Alexander, II, Judge

          (Jesse W. Meadows, III, on brief), for
          appellant.  Appellant submitting on brief.

          Marla Graff Decker, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Ronnie Dwayne Marlowe appeals his conviction of contempt for

failing to provide health insurance for his children.  He argues

that the conviction is a second prosecution for the same offense

that violates the prohibition against double jeopardy.  Finding

that he has failed to provide an adequate record on appeal, we

dismiss his appeal.

     In 1988, the juvenile and domestic relations district court

ordered the defendant to provide health insurance for his

children.  That court issued a show cause order.  The defendant

appealed to the circuit court, and it held him in contempt.  The

circuit court sentenced the defendant to six months in jail

suspended on the condition that he obtain the health insurance.

On April 16, 1997, the defendant was returned to court for

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

failure to provide health insurance.  The trial court found him guilty and imposed the previously suspended six-month sentence. The defendant served the sentence from April 8, 1997 through July 3, 1997.

On July 2, 1997, a second show cause order issued for failure to obey the 1988 order.  The defendant pled former jeopardy arguing that it was unconstitutional to try him twice for violating that order.  The court overruled his objections, found him guilty, and sentenced him to twelve months in jail.

A defendant who pleads double jeopardy has the burden of establishing "the identity of the offenses."  Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990). "The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).  This Court "cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.  We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

In order to establish the identity of the offenses for his double jeopardy plea, the defendant must show that the offenses are the same and require proof of the same facts.  The documents necessary to decide this case are: the show cause order dated November 14, 1995; the show cause order initiating the revocation

hearing held April 16, 1997; and the order dated April 16, 1997 that revoked the suspended sentence.  These orders are not part of the record.  Without them, this Court cannot decide the issue presented on appeal.

Lacking an adequate record, we dismiss the appeal and affirm the conviction.

<u>Affirmed.</u>