COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


TYRONE ERNEST JACKSON

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2994-99-2        JUDGE JEAN HARRISON CLEMENTS
                                            MAY 8, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     Appellant Tyrone Ernest Jackson was convicted in a bench

trial of abduction in violation of Code § 18.2-47.  On appeal, he

contends the evidence was not sufficient to sustain the

conviction.  We disagree and affirm the conviction.

     As the parties are fully conversant with the record in this

case, and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

     When the sufficiency of the evidence is challenged on appeal,

we review the evidence "in the light most favorable to the

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Code § 18.2-47 provides in pertinent part:

> Any person who, by force, intimidation or deception, and without legal justification or excuse, . . . detains . . . the person of another, with the intent to deprive such other person of his personal liberty . . ., shall be deemed guilty of "abduction" . . . .

Jackson first contends that the evidence was insufficient to support his abduction conviction because any detention by him of the victim, Byron Knight, was merely incidental to the restraint inherent in the act of assault upon Knight, an offense arising out of the same conduct and for which he had already been successfully prosecuted.[1]

---

[1] The record before us does not contain the record or transcript of the prior assault conviction. Knight and Jackson both testified that Jackson was charged with assault and battery. Upon inquiry by the trial court as to whether Jackson had been convicted on the assault charge, the Commonwealth conceded that he was found guilty of assault in the district court.

-

Assault, an offense at common law, "require[s] proof of an attempt or offer to do bodily harm through an unlawful show of force or violence." Johnson v. Commonwealth, 13 Va. App. 515, 517, 412 S.E.2d 731, 732 (1992). "Abduction, on the other hand, require[s] proof of asportation or detention while assault [does] not." Id.

However, in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), the Supreme Court recognized that the legislature did not intend, in enacting Code § 18.2-47, "to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense." Id. at 314, 337 S.E.2d at 713. Accordingly, the Court held that

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 713-14.

In this case, the Commonwealth's evidence consisted solely of the testimony of Byron Knight, the victim. On July 6, 1999, Knight, the program director of the Adult Rehabilitation Center at the Salvation Army in Richmond, interviewed Jackson, who had applied for admission into the long-term rehabilitation program.

-

The interview was conducted in Knight's office.  Knight sat behind his desk and Jackson, who earlier that day had completed the Salvation Army's nine-page application for admission that requested personal information about him and his family, sat in a chair opposite Knight, next to the door.  The door was ajar about twelve inches.  Knight interviewed Jackson for approximately ten minutes and determined that Jackson was not appropriate for admission into the program.

When Knight told Jackson that he was not suitable for the program, Jackson became agitated and demanded the admissions papers and Knight's notes.  Knight refused Jackson's demand, saying the papers belonged to the Salvation Army.  Knight then became anxious because of the "personality change in Jackson" and stood up to leave.

However, as Knight attempted to leave, Jackson stood up, closed the door, and put his foot against it.  When Knight grabbed the doorknob to open the door, Jackson hit Knight's hand off the knob and again demanded "his" papers.  Knight then went to the other end of the office to telephone for help.  Jackson followed Knight, wrapped his arms around him trying to grab the papers, and put his finger on the button on the telephone to prevent Knight from making a call.  The two made several trips back and forth between the door and the telephone, each time Jackson preventing Knight from leaving the office.  Finally, Jackson grabbed the papers and left the office.

-

Knight testified that he told Jackson he wanted to leave the office.  He also yelled for help, he said, but no one responded.  Knight also testified that during the incident, in an effort to calm Jackson, he tried to tear the papers up himself.  However, Knight was able to leave the office only after Jackson had left.  Knight estimated that he was trapped in his office for approximately five to ten minutes.  On cross-examination, Knight testified that, while at one point in the tussle Jackson's hand brushed the back of his head, Jackson did not hit him in the face during the incident.

Testifying in his own defense at trial, Jackson said that he became frustrated and disappointed when Knight refused to admit him into the program because he had been told in a telephone interview before going to the rehabilitation center that he had already been accepted into the program.  He demanded the papers back, he said, because they contained his personal information, which he felt belonged to him.  Jackson denied at trial that he closed the door to Knight's office, blocked Knight's access to the door, or prevented Knight from using the telephone.  According to his testimony, all he did was grab the papers off Knight's desk and leave the office.

Officer Robert Rogers, testifying for the defense, said Knight told him that Jackson struck Knight in the left side of the face, grabbed the papers, and left the office.  Officer Rogers

-

also testified, though, that Knight told him that Jackson would not let him leave the office for approximately ten minutes.

The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve in part or in whole the testimony of any witness. Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the trial court was not required to accept Jackson's version of what occurred. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

We hold that the trial court, as the trier of fact, could have reasonably concluded from the evidence before it that Jackson abducted, as well as assaulted, Knight and that the commission of the abduction was complete when Jackson shut the door and put his foot against it to keep Knight from leaving the room. That initial act of detention, we find, was not inherent in the later acts of assault. Had Knight surrendered the papers to Jackson at that point, no assault would have occurred. Only after that initial, separate act of detention did Jackson's actions, including his hitting Knight's hand off the doorknob and wrapping his arms around Knight, constitute acts of assault involving incidental acts of restraint. We hold, therefore, that, because it was based on different conduct than his earlier prosecution for

-

assault, Jackson's successive prosecution for abduction was not barred.

Jackson further contends that the evidence was insufficient to support his abduction conviction because he thought the papers containing his "personal, confidential" information belonged to him. He concludes, therefore, that his detention of Knight to get them back was justified or excused.

The bona fide claim of right defense that Jackson asserts here has been applied in Virginia in the context of negating criminal intent to commit a crime where the unlawful "taking" of property is an element of the crime. See, e.g., Butts v. Commonwealth, 145 Va. 800, 133 S.E. 764 (1926). Jackson, however, readily admits in his brief on appeal that there is no authority in Virginia for a defense of bona fide claim of right allowing the abduction of an individual in order to recover property. Nor do we find such authority, and we decline Jackson's invitation to adopt such a defense here. Furthermore, the record fully supports the trial court's determination that the abduction was not legally justified or excused.[2]

---

[2] Jackson also argues on appeal that the evidence was insufficient to show that he intended to deprive the victim of his liberty. However, this argument was never presented to the trial court. Thus, it was not properly preserved, and Rule 5A:18 bars our consideration of it on appeal. Furthermore, we find no reason in the record to invoke the "good cause" or "ends of justice" exceptions.

-

We hold, therefore, that the evidence was sufficient to prove beyond a reasonable doubt that Jackson committed the subject abduction. Additionally, we hold that the conviction is not plainly wrong. Accordingly, we affirm the conviction.

<u>Affirmed.</u>