COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


ROBERT HENRY PERKINS, S/K/A
 ROBERT HENRY PERKINS, III

                                          MEMORANDUM OPINION[*] BY
v.    Record No. 2944-01-3          JUDGE RUDOLPH BUMGARDNER, III
                                            NOVEMBER 12, 2002
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                          Charles M. Stone, Judge

                 Joseph H. M. Schenk, Jr. (Office of the
                 Public Defender, on brief), for appellant.

                 Eugene Murphy, Assistant Attorney General
                 (Jerry W. Kilgore, Attorney General, on
                 brief), for appellee.


     A jury convicted Robert Henry Perkins of unlawful wounding

and forcible sodomy.  He contends he was twice put in jeopardy

because he was previously convicted of assault and battery that

arose out of the same acts that constituted proof of the

unlawful wounding.  We conclude the acts constituting the

assault and battery were separate and distinct acts from those

acts constituting the unlawful wounding and affirm his

conviction.

     We view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commonwealth.

─────────────────────
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313
(1998). The defendant assaulted the victim as she returned home
after an evening with friends. The defendant hit her in the
back of her head as she unlocked the door to her house. He
struck her again before she escaped down the hall. The
defendant chased her to the bathroom, hit her, but fell into the
tub as they struggled. The victim tried to flee from the house,
but the defendant grabbed her and pulled her hair. The victim
reached the kitchen where the defendant grabbed a knife from the
dish drain. He swung the knife at her face, and the victim
raised her arms in defense. The defendant cut her thumb to the
bone, and punctured her leg. The defendant then locked the door
so no one could leave, picked up a chair, and hit the victim in
the face and on her back. He kicked her as she lay on the floor
until she lost consciousness.

The defendant was arrested and charged initially with rape,
forcible sodomy, and malicious wounding. Later he was charged
with domestic assault and battery, a misdemeanor. The district
court simultaneously heard the preliminary hearing for the three
felonies and tried the misdemeanor. It certified the three
felonies and convicted the defendant of the misdemeanor, assault
and battery.

Before his trial in circuit court, the defendant moved to
dismiss claiming the prosecution constituted double jeopardy.
The only evidence he presented was a copy of the district court

judge's handwritten trial notes summarizing the testimony presented at the earlier hearing. The defendant maintained the evidence presented in the district court was the same as that which would form the basis for the malicious wounding charge.

The trial court found the evidence showed the defendant committed several assaults, some of which amounted to malicious wounding. "There's evidence of several assaults and there's evidence of a potential malicious or unlawful wounding . . . ." It noted that the district court judge's notes provided no way of determining that the district court convicted the defendant for the acts that constituted the felony. The defendant conceded, "We simply don't know," which set of facts constituted the assault and battery. The trial court held the defendant failed to prove that the evidence of the cutting formed the basis for the assault and battery conviction.

The Double Jeopardy Clause is not abridged if the two offenses are supported by separate and distinct acts. Stephens v. Commonwealth, 263 Va. 58, 63, 557 S.E.2d 227, 230 (2002) (each act of shooting from vehicle constituted separate and distinct act); Martin v. Commonwealth, 242 Va. 1, 8, 406 S.E.2d 15, 19 (1991) (attempted murder conviction not barred by prior obstruction of justice conviction); Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985) (abduction and rape are distinct acts); Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661 (1978) (theft of money and theft of automobile

-

during motel robbery are distinct and separate offenses); <u>Brown v. Commonwealth</u>, 37 Va. App. 507, 517, 559 S.E.2d 415, 420 (2002) (robbery of purse separate and distinct act from seizure of car); <u>Ganzie v. Commonwealth</u>, 24 Va. App. 422, 429, 482 S.E.2d 863, 867 (1997) (multiple acts of perjury may occur on one occasion); <u>Henry v. Commonwealth</u>, 21 Va. App. 141, 146, 462 S.E.2d 578, 581 (1995) (obstruction of justice is distinct and separate act from escape).

The evidence in this case demonstrates the assault and battery and the unlawful wounding were separate and distinct criminal acts, were not committed simultaneously, and occurred in different parts of the house.  The victim fled after the initial blows struck at the door.  The defendant chased her into the bathroom and struck her again.  The victim got away and ran into the kitchen.[1]  There the defendant grabbed a knife and cut

---

[1] During an unrelated part of the trial, the defendant tendered a purported transcript of the preliminary hearing, which was typed from a recording made by the defendant's attorney.  It was not prepared by a court reporter, <u>see</u> Code § 19.2-185, nor authenticated in any way.  It was admitted for the limited purpose of determining witness credibility.  We only consider it to note that it verifies the trial court's factual finding.  The transcription reflects an even more complete interruption between events in the bathroom and hall and those later occurring in the kitchen with the knife.  The victim testified that after she left the bathroom she went to the kitchen where her sister and friend were sitting around a table. The victim walked around the table to a chair at the washroom door.  She was pulling the chair around to sit down at the table when the defendant came at her and renewed his attack.

-

her.  He then locked the door and struck her with a chair until she lost consciousness.

The cutting in the kitchen that constituted the unlawful wounding offense was separate and distinct from the acts constituting the earlier assault and battery.  Both the misdemeanor and the felony could be proven without resorting to evidence necessary to prove the other.  "In this case, the conduct used to support the second prosecution was not the same conduct as that used to support the first conviction.  Evidence of separate, discrete conduct by the defendant supported each offense."  Johnson v. Commonwealth, 13 Va. App. 515, 518, 412 S.E.2d 731, 732 (1992).

In pleading double jeopardy, the defendant has the burden to establish the identity of the offenses.  Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990).  The defendant relies on the fact that evidence about the cutting was presented at the misdemeanor trial and at the felony trial.  However, the presentation of evidence that might have been used in a previous trial does not, alone, provide a double jeopardy violation. Brown, 230 Va. at 316, 337 S.E.2d at 715.  "A successive prosecution is not barred if the earlier prosecution was for an offense based on different conduct than the second, even though the offenses may have arisen out of the same incident or transaction."  Johnson, 13 Va. App. at 517-18, 412 S.E.2d at 732.

-

The defendant presents no argument that the defendant's acts constituted a single criminal act.  He assumes the premise that is essential to establishing his plea of double jeopardy; he assumes the acts of violence against the victim were a single offense and not distinct, separate offenses.  The evidence supports a finding of several separate, distinct criminal assaults.  Nothing suggests the district court used the evidence of the felony, cutting with a knife, to convict the defendant of the misdemeanor, assault and battery.

The district court judge was well aware he was trying the misdemeanor and conducting a preliminary hearing for the felonies, which included a malicious wounding charge.  "Absent clear evidence to the contrary, we will presume that the trial judge applied the correct standard to the facts."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  We presume the district judge did not use the same evidence to convict of the misdemeanor and to certify the felony.

The defendant did not establish that he was twice placed in jeopardy for the same offense.  Accordingly, we affirm his conviction.

Affirmed.

-