# Richmond.

## J. H. DeBoer v. Commonwealth.

### March 17, 1927.

1. AUTREFOIS, ACQUIT AND CONVICT—*Plea—Oral Plea.*—In the instant case, a prosecution for unlawful possession of ardent spirits and a still, when the case was called for trial the accused appeared specially and entered an oral plea of former jeopardy, assigning the reason that he had already been convicted upon the same evidence, at the June term of the court, of unlawfully manufacturing ardent spirits. The following order was entered by the court: "Which plea the court overruled and the accused, by counsel, excepted."

   *Held:* That the assignment of error to the action of the court was not well taken because there was no plea of former jeopardy in the record nor was such a plea either tendered in writing and filed or rejected.

2. AUTREFOIS, ACQUIT AND CONVICT—*Special Plea—Writing.*—A special plea of former jeopardy should be in writing.

3. AUTREFOIS, ACQUIT AND CONVICT—*Special Plea—Contents—Essentials—Case at Bar.*—It has been held that it is essential that a special plea of former jeopardy should set forth the court in which the accused was tried, the time thereof, the specific offense charged, the acquittal or conviction of the accused, and any other circumstance necessary to identify the offense and the accused. In the instant case, a prosecution for unlawful possession of ardent spirits and a still, when the case was called for trial the accused appeared specially and entered an oral plea of former jeopardy, assigning the reason that he had already been convicted upon the same evidence, at the June term of the court, of unlawfully manufacturing ardent spirits.

   *Held:* That every essential of the plea of former jeopardy was lacking in the oral plea.

4. BILL OF EXCEPTIONS—*Necessity—Plea Overruled or Stricken Out—Criminal Cases.*—Where the trial court overrules a plea, rejects a plea, or strikes the same from the record, the only method of getting the plea in the record is by an express order of the court, or by a bill of exceptions, which sets forth the plea in full and also the action of the court with reference thereto. The rule is the same in criminal as in civil cases.

5. BILL OF EXCEPTIONS—*Plea of Former Jeopardy—Case at Bar.*—In the instant case it was the contention of the Commonwealth that the action of the court in overruling a plea of former jeopardy had not been duly preserved by a proper bill of exceptions. A bill of excep-

tions stated that accused moved to set aside the verdict as contrary to the law and the evidence and "because of former jeopardy."

*Held:*  That the bill of exception should set forth a plea of former jeopardy which contains all of the necessary essentials, and the ruling of the court in regard thereto.  The plea of former jeopardy not being a part of the record, the contention of the Commonwealth was well founded.

6.  Intoxicating Liquors—*Charge of Having Possession of Ardent Spirits and a Still—Evidence Sufficient to Support Conviction.*—In the instant case, a prosecution for unlawful possession of ardent spirits and a still, it was shown beyond every reasonable doubt that a still was found about twenty-five steps from the house of the accused, and on his premises.  It was further shown that a keg containing at least five gallons of whiskey was found upon the premises of the accused near his barn.

*Held:*  That the evidence was sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of York county.

*Affirmed.*

The opinion states the case.

*John H. Bowen,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

Campbell, J., delivered the opinion of the court.

The plaintiff in error was tried and convicted upon an indictment charging that he "did unlawfully have in his possession ardent spirits, and a certain still capable of being used in the manufacture of ardent spirits."

He is here complaining of the action of the trial court in refusing to set aside the verdict of the jury,

which is as follows: "We, the jury, find the accused guilty as charged in the indictment and fix his punishment at six months in the county jail and $100.00 fine."

It appears from the record that on the third day of March, 1925, several officers searched the premises of the accused, but did not go into his dwelling house. Buried in his wood-pile, about twenty-five steps from his house, was found a copper still of a capacity of about 115 gallons. In his hog lot were found seven barrels of mash, containing about fifty gallons each, covered over with brush; a vat, or tub, containing about 150 gallons of mash. These were found in about 125 or 150 yards from the house. In his corn field, about 145 yards from his barn, the officers found buried a ten gallon keg about half full of whiskey. Under a wood-pile in the hog lot was found buried a barrel of mash. In the barn were two bags of sugar, each containing one hundred pounds, which were covered over with empty bags. The general reputation of the accused as a violator of the prohibition law was bad.

The first error assigned is that the court erred in overruling the plea of former jeopardy offered by the accused.

[1] When the case was called for trial, the accused appeared specially and entered an oral plea of former jeopardy, assigning the reason that he had already been convicted upon the same evidence, at the June term of the court, of unlawfully manufacturing ardent spirits.

The action of the court is set forth in the order entered as follows: "Which plea the court overruled and the accused, by counsel, excepted."

It is the contention of the Commonwealth that the

22

assignment of error is not well taken because there is no plea of former jeopardy in the record, nor was such a plea either tendered in writing and filed or rejected.

Section 8 of the Virginia Constitution provides that no man shall be put twice in jeopardy for the same offense. To avail himself of this constitutional guarantee, one put on trial twice for the same offense must raise the question of former joepardy by special plea.

In *Seymour's Case*, 133 Va. 781, 112 S. E. 808, Judge Prentis said: "That the proper method of raising the question of former jeopardy is by special plea of former acquittal or conviction, seems to be well settled."

[2] While this court has never specifically decided the question, the weight of authority is to the effect that such special plea should be in writing.

In 12 Cyc. 366, it is said: "The plea should conclude with a prayer that the defendant be discharged. It should be in writing and signed by the defendant or his counsel, and at common law should be verified."

In Bishop's Directions and Forms, section 1043, a form is given for the preparation of a plea of former jeopardy.

In an extensive examination of the Virginia cases, involving a plea of former jeopardy, we have met with no case where the plea was made orally.

In *Myers v. Commonwealth*, 1 Virginia Cases (3 Va.) 230, decided on the 19th of November, 1811, the plea of former jeopardy entered by the accused was in writing and involved only the sufficiency of the plea.

While there may be former jeopardy without either acquittal or conviction, the question is most frequently raised where there has been either an acquittal or conviction of the accused.

[3] In cases of this character, it has been held that it is essential that the special plea set forth the court in which the accused was tried, the time thereof, the specific offense charged, the acquittal or conviction of the accused, and any other circumstance necessary to identify the offense and the accused.

In *Wortham's Case*, 5 Rand. (26 Va.) 669, it is said: "The defendant also pleaded that he had been heretofore acquitted of the same offense. This plea is general; does not set forth the court in which, nor the time when, nor any other circumstance of the prosecution, trial or acquittal; nor did he vouch the record of the same court nor show the record of acquittal, if of another court. This was necessary to be done according to the decision in *Myers' Case,* 1 Virg. Cas. [3 Va.], page 230."

In the instant case every essential is lacking in the oral plea. We are, therefore, of the opinion that a plea which raises the issue of former jeopardy must be in writing. While we are content to agree with the conclusion reached in *Day* v. *Commonwealth*, 23 Gratt. (64 Va.) 915, that the court should entertain a plea good in substance, even though bad in form, yet we hold that the essentials set forth must be in the plea. To require an accused to file his special plea in writing imposes upon him a very slight burden. He must know the crime for which he has been tried and acquitted or convicted. To require the Commonwealth to meet the *evidence*, instead of the record, upon such a plea, might impose a very heavy burden.

[4] The next contention of the Commonwealth is that even though it be conceded that the court erred in overruling the plea, this action of the court has not been duly preserved by a proper bill of exceptions as required by law.

Bill of exception number 3 contains this language: "And thereupon, the accused, by counsel, moved the court to set aside the verdict of the jury as contrary to the law and the evidence, and because of former jeopardy, to grant him a new trial, which said motion the court overruled and pronounced judgment against the accused in accordance with the verdict."

It has been repeatedly held by this court, in civil cases, that where the trial court overrules a plea, rejects a plea, or strikes the same from the record, that the only method of getting the plea in the record is by an express order of the court, or by a bill of exceptions which sets forth the plea in full and also the action of the court with reference thereto.

In *Leary* v. *Briggs*, 114 Va. 411, 76 S. E. 907, Judge Buchanan quotes with approval the holding in *Fry* v. *Leslie*, 87 Va. 269, 12 S. E. 671, which is as follows: "But the plea is no part of the record. It was stricken out, and a plea that is stricken out by the court is as though it had never been tendered, unless it is made a part of the record by a bill of exceptions, or by an express order of the court, and if it is not a part of the record, then the action of the court in striking it out is not a subject of review in the appellate court, as nothing *de hors* the record can be looked to or considered. In this respect a plea stricken out stands upon the same footing as a rejected plea as to which the rule is well settled."

We see no reason why the rule should not be the same in a criminal as in a civil case.

[5] While the bill of exceptions recites that one of the grounds relied on to set aside the verdict "was because of former jeopardy," this, under our decisions, does not meet the requirements of the law. The bill of exception should set forth a plea which contains

all of the necessary essentials, and the ruling of the court in regard thereto. The plea of former jeopardy not being a part of the record, the contention of the Commonwealth is well founded.

The second assignment of error is that the court erred in overruling the motion of the accused to set aside the verdict of the jury as contrary to the law and the evidence.

[6] There is no merit in this contention. It was shown beyond every reasonable doubt that a still was found about twenty-five steps from the house of the accused, and on his premises. It was further shown that a keg containing at least five gallons of whiskey was found upon the premises of the accused near his barn.

For the reason stated, the judgment of the trial court must, therefore, be affirmed.

*Affirmed.*

Burks, J., dissenting.