# Richmond

JACK H. HENSON v. COMMONWEALTH OF VIRGINIA.

January 16, 1936.

Present, All the Justices.

The opinion states the case.

*B. B. Campbell, John D. Easley* and *J. B. Hoge,* for the plaintiff in error.

*Abram P. Staples, Attorney-General, Edwin H. Gibson, Assistant Attorney-General,* and *Joseph L. Kelly, Jr., Special Assistant,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Jack H. Henson, the accused was indicted, tried and convicted for the violation of Code, section 2154 (104) (Michie Supp. 1932), commonly known as the "hit and run statute." His punishment was fixed by a jury at two years in the penitentiary. Judgment was pronounced upon the verdict.

The accused, at the time of this trial, had already been convicted of manslaughter in connection with the death of Rose Scott who was killed by an automobile while attempting to cross the street at a street intersection in Lynchburg. The conviction and judgment in. the manslaughter case have been reviewed and affirmed by this court in an opinion handed down this day (ante, page 821, 183, S. E. 435). The facts stated in the opinion in that case are similar to the facts in this case. This is conceded

by the accused in his petition. They are so much alike in the two cases we deem it unnecessary to restate them here. Reference is made to the opinion in the other case for them.

■ We think that the assignment of error based on the failure of the court to set aside the verdict as contrary to the law and the evidence is without merit. The evidence is sufficient, and as stated in the other case, unless the court committed some prejudicial error of law, the judgment in this case must also be affirmed.

Code, section 2154 (104) (Michie Supp. 1932), provides in part: "The driver of any vehicle involved in an accident resulting in injuries or death to any person or damage to property shall immediately stop at the scene of such accident * * *." The penalty for the failure to stop is provided for in section 2154 (105). It is fixed at "imprisonment in jail for not less than thirty days nor more than one year or in the State penitentiary for not less than one year nor more than five years, or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment."

The accused filed two special pleas: One of former conviction and the other under section 4775 of the Code (as amended by Acts 1920, chapter 118), which provides in part: "If the same act be a violation of two or more statutes, or of two or more municipal ordinances, conviction under one of such acts or ordinances shall be a bar to a prosecution or proceeding under the other or others."

Upon the motion of the Commonwealth at the trial the court struck out the two special pleas and that action of the court is made the basis for the principal assignment of error in the case. It is the contention of the accused that inasmuch as he had already been convicted of manslaughter he could not subsequently be convicted for violating Code, section 2154 (104), the "hit and run statute," for the reason that both offenses grew out of the same accident.

■ It is urged with great force that the court should

have sustained the two special pleas and that the Commonwealth should not be permitted to carve two separate and distinct offenses from the same continuing transaction. The correct rule seems to be stated in 8 R. C. L., page 143, and is as follows:

"The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted. In determining whether both indictments charge the same offense the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed by the same state of facts. Stated in another form, if there was one act, one intent and one volition, and the defendant has been tried on a charge based on such act, intent and volition, no subsequent charge can be based thereon, though the crimes involved in the two proceedings are entirely different."

See also, 16 Corpus Juris, page 272.

In *Seymour* v. *Commonwealth,* 133 Va. 775, 112 S. E. 806, Prentis, P., collected a great many cases bearing on this subject and held that the plea of *autrefois convict* or *acquit* was not applicable in the prosecution for the homicide of different persons in pursuance of the same conspiracy to commit the same robbery.

In *Hall* v. *Commonwealth,* 143 Va. 554, 130 S. E. 416, the court held that a prosecution for transporting liquor and the driving of an automobile while intoxicated though occurring at the same time were not identical offenses and the proof of the conviction of the former would not bar a prosecution for the latter.

In the case of *People* v. *McKee,* 80 Cal. App. 200, 251 Pac. 675, 677, the facts there were quite similar to those in the case at bar. The accused was driving an automobile which struck and killed a woman and failed to stop. He was convicted of manslaughter and subsequently prosecuted for violating the "hit and run statute." He contended that his conviction of manslaughter was a bar to his prosecution for the hit and run violation, but the court rejected his plea of former jeopardy and said: "The acts constituting the second offense did not really commence until after the woman had been struck, at which time the first offense had been completed."

See also, *State* v. *Cheeseman,* 63 Utah 138, 223 Pac. 762.

■ Under our statute, the driver leaving the scene of an accident in which his automobile is involved, resulting in injury to person or property of another, constitutes the offense. This offense is not similar to the crime of manslaughter. We, therefore, conclude that the court properly rejected the two special pleas filed by the accused.

There are other assignments of error. Some of them are similar to those discussed in the companion case (ante, page 821, 183 S. E. 435). What was said there applies here. We have carefully considered all of the points made by counsel for the accused. None of them, if well taken, would constitute reversible error in this case. The sole question in this, as well as in the other case, was the identity of the driver of the death car. That question has been submitted to two juries upon the direct evidence of witnesses and upon the incriminating circumstantial evidence and in each trial, the jury has said by its verdict that the accused was the driver of the car. The trial judge has approved the finding of the jury. We likewise approve it.

*Affirmed.*