## CIRCUIT COURT OF KING GEORGE COUNTY

Commonwealth of Virginia

v.

Marvin Webster Covington

June 7, 1979

### By JUDGE JOHN A. JAMISON

I have considered the respective arguments and memoranda of counsel in the above matter in which the defendant was tried on June 1st for driving under the influence.

The defendant's position is that he cannot be convicted for DUI in view of his earlier conviction for manslaughter for the reason that both offenses would grow out of the same occurrence and such DUI conviction would contravene the prohibition of Section 19.2-294, et seq.

The case of *Henson* v. *Commonwealth*, 165 Va. 829, 183 S.E. 438, decided in 1936 by the Supreme Court would seem to be a precedent here, at least for the principle involved. The same section, 19.2-294, was construed in that case where the defendant was convicted first for manslaughter as the result of an automobile accident, and later for "hit and run." His special plea to the above statute was dismissed by the trial court and affirmed by the Supreme Court of Virginia. The syllabus reads:

> When facts necessary to convict on second prosecution would necessarily have convicted on first, final judgment on first prosecution constitutes bar to second, but, if facts which will convict on second prosecution would not necessarily have convicted on first, first will not be bar to second, although offenses charged were committed by same state of facts.

The foregoing is the principle stated, which was elaborated upon as follows:

> The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted. In determining whether both indictments charge the same offense the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed by the same state of facts.

The Supreme Court cited with approval *People* v. *McKee*, a California case, in which the facts there were quite similar to *Henson* in which the following was stated:

> The acts constituting the second offense did not really commence until after the woman had been struck, at which time the first offense had been completed.

The offense of DUI is not similar to the crime of manslaughter, neither is it a lessor included offense. The two crimes are entirely separate in fact, as well as in contemplation of the law of Virginia. Consider an analogy. Assault and battery is a lessor included offense under the maiming statute but in no way can it accurately be said that DUI is necessary part of the act of manslaughter.

The legislature has seen fit to make conviction of driving under the influence a bar to a subsequent conviction of reckless driving but that has been done by a specific statute (Section 19.2-294.1), which lists only these two offenses; and there is no other statute

which lists two specific offenses, conviction of one of which shall be a bar to conviction of the other. Another way of viewing the facts in the instant case is that there was ample testimony of wanton and reckless driving occurring in this case before the accident happened which resulted in the death, and I cannot say that the defendant's drinking was an absolutely necessary element in the manslaughter conviction, though, of course, it was considered. Conceding for the sake of argument that it was a necessary factor, then that forbidden act of drunken driving had been completed before the subsequent occurrence of death.

Shepardizing *Henson* v. *Commonwealth*, *supra*, reveals no modification of the principle well established in that case, which indicates to me that the Supreme Court would be of like mind today.

There are numerous cases in the annotations to Section 19.2-294 but analysis of all of them comes back to the cardinal point that the test of the identity of the acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges grow out of the one transaction does not make a single act or offense where two separate acts or offenses are defined by statute. See *Hundley* v. *Commonwealth*, 193 Va. 449, 69 S.E.2d 336 (1952), *Owsley* v. *Cunningham*, 190 F. Supp. 608 (E.D. Va. 1961).

The case of *Estes* v. *Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971), is authority for the holding that the defendant's conviction of driving under the influence was not barred by his contemporaneous conviction of driving on a suspended license, or vice versa, because the defendant could have been convicted of DUI without evidence of the suspension of his operator's license, and he could have been convicted of driving on a suspended license without evidence of his intoxication. Likewise, in the present case, there was evidence of extremely reckless motor vehicle operation immediately prior to the collision, and the finder of fact could conclude that even though drinking may have been one factor or element which contributed to the reckless driving, it could have held that sufficient other evidence for conviction existed.

As pointed out by Mr. Harris in *Hundley* v. *Commonwealth*, *supra*, there a conviction for reckless driving and a conviction for driving under the influence were sustained by the Supreme Court of Virginia. It was only

after *Hundley* was decided that the present § 19.2-294.1 was adopted. As I recall from its legislative history, it was adopted to prevent that specific double conviction from occurring again because it was clear that if the defendant was operating under the influence of intoxicants, such driving was reckless. Admittedly, we do not have a case exactly in point in Virginia where the double conviction of manslaughter and DUI have been upheld. Yet, the principle enunciated in the foregoing cases makes it clear that the conviction of one of these offenses would not be a bar to the other unless specifically forbidden, which it is not.

The second point in Covington's argument is that it was mandatory that the trooper meet the requirements of Section 18.2-266 and advise the accused prior to his arrest of his rights under that section to a preliminary field test, and, subsequently, of the implied consent law.

As Mr. Woodbridge says, the courts in this area have definitely required these warnings as set out in Section 18.2-268, but only if the trooper had stopped the defendant within two hours of the alleged offense (Section 18.2-268). Can it be said that no one is to be charged with operating under the influence without the above tests after more than two hours following the incident in question? Of course not. Such a holding would probably bar most DUI charges after more than two hours had passed. The court cannot be expected to disregard Mr. Covington's own testimony as to the amount of alcohol consumed by him nor the testimony of the witnesses as to his operation of the vehicle. If after the passage of two hours the court should declare that Trooper Solomon must have offered the balloon test and have advised the defendant of the implied consent law, it would have been an exercise in futility. The evidence was clear to me that much more than two hours had elapsed from the time of the accident until Trooper Solomon's approaching the defendant in the hospital parking lot.

Concerning whether or not the court dismisses the defendant's argument with respect to the applicability of *Bland* v. *Richmond* and *Coffee* v. *Commonwealth*, which cases required the Commonwealth to prove that the person was actually under the influence at the time of the occurrence, or that no alcohol had been consumed following the same, I do not believe it is necessary to apply these

two cases here. Testimony of the defendant himself as well as other witnesses indicated that immediately prior to the accident he had consumed an ample amount of alcohol to have affected his operation of the motor vehicle. It was not necessary to present evidence that Mr. Covington had not consumed alcohol following the fatal accident when the point is moot because of the other evidence.

Accordingly, the defendant will be convicted of operating a motor vehicle under the influence of alcohol with the same penalty as in the court below.