Richmond

BRIAN K. COOPER

v.

COMMONWEALTH OF VIRGINIA

No. 0149-91-1

Decided February 18, 1992

COUNSEL

George B. Pavek, III, for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

**BRAY, J.**—Brian K. Cooper (defendant) was convicted in a bench trial of possession of "tools, implements or outfit, with intent to commit burglary, robbery or larceny," a felony, and sentenced to six years imprisonment, with three years suspended. He appeals that conviction, contending that, under principles of double jeopardy, the instant prosecution was barred by a prior misdemeanor conviction in the general district court. We disagree and affirm.

The facts pertinent to this appeal are uncontroverted. On May 6, 1990, defendant was discovered by a police officer in the "laundry room" of an apartment complex "prying on a machine, one of the coin-operated machines," with "both hands on a large crowbar."

Several days before trial, defendant's counsel filed a written motion with the court alleging that defendant had previously been "tried and found guilty" in the general district court "of violating the misdemeanor of destruction of private property." The motion further stated that the "misdemeanor charge" involved "the same set of facts as the pending felony" and that, "in order to establish an essential element of the present felony," the Commonwealth must "prove the conduct that constitute[d] the misdemeanor," thereby violating the "Double Jeopardy clause of the United States Constitution." Defendant moved the court to "dismiss the indictment" and cited *Grady v. Corbin*, 495 U.S. 508 (1990), in support of his motion.

The record reflects no action on defendant's motion until, just prior to arraignment on the day of trial, defendant's counsel argued the motion to the trial judge. He stated that defendant "was convicted of destruction of private property, laundry machines," in "lower court," and "the Commonwealth . . . cannot convict [defendant] of burglary tools without utilizing the evidence of the previous crime," the misdemeanor. Counsel further represented

that defendant had appealed the misdemeanor conviction and "now wishes to withdraw that appeal and take the conviction." *See* Code § 16.1-133.

The Commonwealth responded that it was not necessary to prove "any of the facts of the destruction of private property . . . to prove [defendant] guilty" of "possession of burglary tools" and "no element" of that offense was essential to the felony prosecution.

At the conclusion of argument, the trial judge "denied" defendant's motion to dismiss the indictment, but apparently permitted defendant to withdraw the misdemeanor appeal which had been referenced by his counsel, although the record before us documents nothing with respect to that offense.

■ It is well established in Virginia that a plea of former jeopardy must be in writing and "set forth the court in which the accused was tried, the time thereof, the specific offense charged, the acquittal or conviction of the accused, and any other circumstance necessary to identify the offense and the accused." *DeBoer v. Commonwealth*, 147 Va. 671, 675, 137 S.E. 469, 470 (1927); *see also Reaves v. Commonwealth*, 192 Va. 443, 445, 65 S.E.2d 559, 560-61 (1951). Absent this evidence, "there is nothing . . . to enable" the court "to determine the facts . . . put in issue by the . . . motion." *Reaves*, 192 Va. at 445, 65 S.E.2d at 561.

■ The "burden is on the defendant" to "substantiate" his allegation and "establish the identity of the offenses" material to his plea. *Low v. Commonwealth*, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990). Customarily, a defendant carries this burden "by production of the record or transcript of the initial trial." *Id.*

While the defendant in *Low* failed properly to "substantiate" his allegation of former jeopardy, we, nevertheless, considered the issue because the existence of the prior "conviction arising out of the same incident" was clearly accepted and undisputed in the record. It had been argued by counsel, "conceded" by the Commonwealth and "treated as an established fact by the trial judge." *Id.* at 50-51, 396 S.E.2d at 384. Under those circumstances, we refused to permit the Commonwealth to complain "for the first time on appeal" that defendant had not properly developed his claim. *Id.* at 51, 396 S.E.2d at 384; *see* Rule 5A:18.

The record before us in this instance, however, discloses no acknowledgment from either the court or the Commonwealth that the prior misdemeanor conviction referenced by defendant was related to the felony then under prosecution. This earlier prosecution was before the trial court only on defendant's motion and argument, which described a conviction of "destruction of private property, laundry machines," while evidence in the felony trial indicated defendant was "prying on a [coin-operated] machine," "the cash, the coin box on the electric dryer."

Defendant has failed sufficiently to identify the previous prosecution and otherwise substantiate his allegations to permit the trial court properly to consider the double jeopardy argument. As a consequence, the record before us discloses no error by the trial judge, and we affirm the conviction.

*Affirmed.*

Koontz, C.J., and Elder, J., concurred.