COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


ARTHUR RUCKER

MEMORANDUM OPINION[*] BY
v.          Record No. 0731-97-2          JUDGE NELSON T. OVERTON
                                            MARCH 17, 1998
CITY OF RICHMOND


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge

S. Neil Stout (Steven Billy; Flax, Billy &
Stout, on brief), for appellant.

Jan T. Reid, Assistant City Attorney, for
appellee.


Arthur Rucker appeals his conviction in the Circuit Court of
the City of Richmond of violation of the City of Richmond Code
§§ 5-3 (failure to demolish an unsafe building), 19-52 (allowing
refuse to accumulate on the property) and 28-305 (allowing
inoperable motor vehicles to remain on the property).  He
contends these convictions violate the double jeopardy clause of
the Fifth Amendment to the United States Constitution.  Because
we disagree, we affirm.[1]

The parties are fully conversant with the record in this
case, and because this memorandum opinion carries no precedential

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Appellant also argued that the City was without authority
to prosecute the violations as continuing offenses.  Lawless v.
County of Chesterfield, 21 Va. App. 495, 465 S.E.2d 153 (1995).
Under Rule 5A:18 we decline to address this argument.

value, no recitation of the facts is necessary.

"The [F]ifth Amendment to the United States Constitution declares that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'"  Peterson v. Commonwealth, 5 Va. App. 389, 394, 363 S.E.2d 440, 443 (1987) (citation omitted).  Even so, "the burden is on the defendant to establish the identity of the offenses."  Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990).  In order to meet this burden, defendant's "plea of former jeopardy must be in writing and 'set forth the court in which the accused was tried, the time thereof, the specific offense charged, the acquittal or conviction of the accused and any other circumstance necessary to identify the offense and the accused."  Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 436 (1992) (quoting DeBoer v. Commonwealth, 147 Va. 671, 675, 137 S.E. 469, 470 (1927)).

Defendant has not met his burden.  He offers copies of three summonses addressing his previous charges under the city ordinances at issue as proof that his most recent prosecution is barred.  The trial court indicated on two of the summonses that defendant was present, and the charges were dismissed.  The trial court did not check the boxes provided on the summonses indicating defendant was tried.  If there was no trial, jeopardy did not attach.  See Serfass v. United States, 420 U.S. 377, 388 (1975) ("In a bench trial, jeopardy does not attach until the first witness has been sworn.").

- 2 -

Only one summons indicates defendant was tried and found guilty, but it also indicates the conviction was set aside and dismissed. When a trial court declares a mistrial, a defendant is presumed to have waived his Fifth Amendment objections. See United States v. Jorn, 400 U.S. 470, 484-85 (1971). See also United States v. Dinitz, 424 U.S. 600, 611 (1976) (holding that prosecutorial or judicial impropriety vitiate the waiver). A mistrial is the functional equivalent to a conviction which has been set aside if defendant consented to it. See Allen v. Commonwealth, 252 Va. 105, 110-11, 472 S.E.2d 277, 280 (1996) ("Regardless of the terminology used by the trial court, for purposes of double jeopardy protection, we find no difference of constitutional significance between setting aside a verdict . . . and declaring a mistrial . . . ."). The record before us shows defendant not only consented to the conviction being set aside, but he affirmatively returned to court and asked that it be set aside. Under these circumstances, he waived his right to raise double jeopardy during the instant case.

Defendant has failed to prove that jeopardy attached during any previous litigation. Therefore, his most recent prosecution was not barred. Accordingly, his convictions are affirmed.

Affirmed.