COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


MATTHEW SHANE PHILLIPS
                                          OPINION BY
v.        Record No. 1980-97-3    JUDGE SAM W. COLEMAN III
                                          JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                Donald A. McGlothlin, Jr., Judge

        Thomas R. Scott, Jr. (Street, Street, Street,
        Scott & Bowman, on briefs), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     The sole issue in this appeal is whether appellant's

prosecution in circuit court for two felony charges of

distributing marijuana on school property was barred under the

provisions of Code § 19.2-294 due to two prior convictions in

general district court for distributing marijuana, which

convictions were based on the same acts.  Code § 19.2-294

provides in pertinent part that "[i]f the same act be a violation

of two or more statutes . . . conviction under one of such

statutes . . . shall be a bar to prosecution or proceeding under

the other."

     Matthew Phillips was charged with feloniously distributing

marijuana on school property (two counts), in violation of Code

§ 18.2-255.2.  A week later, Phillips was charged with

distributing less than one-half ounce of marijuana (two counts),

misdemeanors, in violation of Code § 18.2-248.1, based on the same acts as the felony charges. In a single proceeding in the general district court, that court accepted Phillips' guilty plea on the misdemeanor charges and certified the felony charges to the circuit court, where the grand jury returned indictments. In the circuit court, Phillips entered conditional guilty pleas on the felony charges. On appeal, Phillips contends that under the provisions of Code § 19.2-294, the two misdemeanor convictions bar the Commonwealth from prosecuting him on the felony charges based on the same acts. We disagree and affirm the convictions.

"Code § 19.2-294 . . . prohibits multiple convictions for separate offenses arising out of the same act [or acts], except where the convictions are obtained in a single prosecution." Hall v. Commonwealth, 14 Va. App. 892, 900, 421 S.E.2d 455, 461 (1992) (en banc) (emphasis added). Because only a prior conviction bars a subsequent prosecution, "Code § 19.2-294 does not apply to simultaneous prosecutions." Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 820 (1993).

In Slater, we addressed whether Code § 19.2-294 precluded the Commonwealth from prosecuting and convicting a defendant for felony and misdemeanor charges arising from the same act or acts. Slater was "simultaneously charged" with driving while under the influence of alcohol, a misdemeanor offense, and driving after having been adjudged an habitual offender, a felony offense. The trial of the misdemeanor charge and the preliminary hearing on

the felony charge were heard together in a concurrent proceeding in the general district court. The general district court convicted Slater on the misdemeanor charge and certified the felony charge to the grand jury of the circuit court, where he was indicted and subsequently convicted. This Court held that Code § 19.2-294 did not bar the felony habitual offender prosecution in circuit court. Noting that the general district court lacked jurisdiction to adjudicate the felony charge, we held that "[w]here charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings does not alter the fact that the proceedings are concurrent, not successive, prosecutions." Id. at 595, 425 S.E.2d at 817 (citing Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992)). In so holding, we also stated: "Many circumstances may determine the time within which criminal charges are concluded. It is the time of institution which determines whether multiple charges are simultaneous or successive." Id. at 596, 425 S.E.2d at 817.

Relying on our statement in Slater that "the time of institution . . . determines whether multiple charges are simultaneous or successive," Phillips argues that the felony and misdemeanor charges were successive because they were instituted on different dates. Thus, he reasons, the Commonwealth violated Code § 19.2-294 by convicting him for two separate statutory

offenses in successive prosecutions.[1]  We disagree.

Code 19.2-294, like the Fifth Amendment former jeopardy protection, "was designed to prevent the [Commonwealth from] subjecting an accused to the hazards of vexatious, multiple prosecutions."  Hall, 14 Va. App. at 899, 421 S.E.2d at 460.  The statute "prevents a prosecutor from subjecting an accused through successive prosecutions to 'embarrassment, expense, ordeal and compelling him [or her] to live in a continuing state of anxiety or insecurity.'"  Id. (quoting Grady v. Corbin, 495 U.S. 508, 518 (1990), rev'd on other grounds, United States v. Dixon, 509 U.S. 688 (1993)).

> [B]y limiting its reach to successive
> prosecutions for multiple offenses for the
> same act, [the statute] prevents prosecutors
> from using the prosecution of a minor offense
> as a "dress rehearsal" for a more serious,
> later prosecution.  Consequently, Code
> § 19.2-294 protects against a second
> prosecution or proceeding for separate
> statutory offenses based on the same act
> after there has been a conviction for one
> offense.  See North Carolina v. Pierce, 395
> U.S. 711, 717 (1969).

Hall, 14 Va. App. at 899-900, 421 S.E.2d at 461 (emphasis added)

---

[1]Phillips also contends the felony convictions violated the Fifth Amendment's Double Jeopardy Clause.  In our January 8, 1998 order granting in part Phillips' petition for appeal, we stated that the legislature expressly indicated that "[a] defendant can be prosecuted under both the general statute concerning the distribution of marijuana and Code § 18.2-255.2.  The trial court did not err in denying appellant's motion to quash the felony indictments on double jeopardy grounds."  See Hall, 14 Va. App. at 900, 421 S.E.2d at 461 (1992).  Thus, because the question of whether the felony convictions violated double jeopardy has been decided, we denied the appeal of that issue.  Accordingly, we may not consider Phillips' double jeopardy claim.  See Rule 5A:15.

(other citation omitted).

Considering the legislative purpose for enacting Code § 19.2-294, we find that the controlling principle in Slater is that both charges were prosecuted simultaneously or in a concurrent proceeding despite "the amenability of the misdemeanor charge to early conclusion" in general district court. The Commonwealth does not subject the accused to the "hazards of vexatious, multiple prosecutions" where it institutes felony and misdemeanor charges separately but prosecutes them at the same time in a single hearing before the court. Although arrest warrants may be obtained on different dates, the Commonwealth does not thereby impose a greater burden on the accused than when it institutes the charges simultaneously. Moreover, the Commonwealth does not receive a greater opportunity to rehearse its evidence by instituting charges on separate dates. Borrowing the "jurisdictional exception" from our double jeopardy decisions, Slater held that Code § 19.2-294 does not apply where the several crimes charged are not amenable to common jurisdiction and cannot be heard in the same proceeding. See Freeman, 14 Va. App. at 129, 414 S.E.2d at 873; Curtis v. Commonwealth, 13 Va. App. 622, 629, 414 S.E.2d 421, 425 (1992) (en banc). The fact that the charges in Slater were "lodged simultaneously" does not control the outcome of this case.[2]

_____

[2] In Slater, as in the present case, the misdemeanor and felony charges were heard in a single prosecution in the general district court where Slater was convicted of the misdemeanor and the felony charge was certified to the circuit court grand jury.

Admittedly, as the appellant points out, the <u>Slater</u> panel held, based on the facts of that case, that because the charges were initiated at the same time, the prosecutions for the offenses were simultaneous or concurrent. We do not read the <u>Slater</u> decision to hold that simultaneous initiation of charges is the exclusive measure of whether convictions arise from a single prosecution. We hold that the more significant and compelling factor is whether the offenses were prosecuted in a single, concurrent evidentiary hearing. Thus, where felony and misdemeanor charges are instituted at separate times, but are heard simultaneously in a single proceeding, they are part of a single prosecution, even though jurisdictional limitations necessitate that they be concluded in different courts.

Here, Phillips was charged with both felony and misdemeanor marijuana distribution offenses arising out of the same acts. The charges were heard together in the general district court. Because the charges were not amenable to conclusion in the same court, Phillips was convicted for the misdemeanor charge in general district court and for the felony charge in circuit court. Under the jurisdictional exception to Code § 19.2-294 recognized in <u>Slater</u>, we find that the charges were prosecuted as part of a single proceeding. Where the charges are heard or

(..continued)
 <u>Slater</u> leaves unanswered whether the simultaneous initiation of charges would have continued to control had there been a misdemeanor prosecution in the general district court separate from the felony preliminary hearing.

- 6 -

prosecuted together, the fact that they were initiated on separate dates is a difference without a distinction.

Phillips asserted at oral argument that this case is controlled by Wade v. Commonwealth, 9 Va. App. 359, 388 S.E.2d 277 (1990), in which we held that under Code § 19.2-294, a conviction for obstruction of justice barred a prosecution for capital murder when the offenses arose out of "the same act." Although factually similar to this case because trial of the misdemeanor charge and the preliminary hearing for the felony charge occurred in a single prosecution, the sole issue and basis for the decision in Wade was whether the offenses arose out of "the same act." Slater was decided subsequent to Wade. In Wade, neither the Attorney General nor appellant raised the issue whether Code § 19.2-294 applied where there was a simultaneous or concurrent prosecution in a single proceeding. Wade did not consider whether the language of Code § 19.2-294 that only a "conviction" would bar "a prosecution or proceeding" creates a single or simultaneous prosecution exception to the statute's bar. That issue was subsequently decided in Slater, and the principles enunciated therein are controlling. Therefore, Wade is inapposite to the issue before us.

Accordingly, we hold that the felony convictions for distributing marijuana on school property were not barred by Code § 19.2-294 because of the misdemeanor convictions for distribution of marijuana. The judgment of the circuit court is

affirmed.

                                                    <u>Affirmed.</u>