# CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

v.

Roger Lee Johnson, Jr.

March 30, 2001

Case No. CR 00-0083-0084

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the defendant's motion to dismiss the charges in this case on the grounds that it violates the bar against double jeopardy found in both the United States and Virginia Constitutions. I overrule this motion. My reasons are set forth below.

There are currently pending in this Court a charge of discharging a firearm from a motor vehicle in violation of § 18.2-286.1 and a charge of shooting at an occupied motor vehicle in violation of § 18.2-154. These cases were certified from the General District Court of Nelson County on December 13, 2000. On the date of the preliminary hearing in the Nelson County General District Court, the defendant was also tried for charges of reckless handling of a firearm and brandishing a firearm arising out of the same offense. The General District Judge apparently concluded that the two misdemeanor charges would constitute double jeopardy if the defendant was convicted of them and accordingly directed the Commonwealth's Attorney to *nolle prosequi* these charges. This action was taken after the defendant had pleaded not guilty to the misdemeanor charges and evidence had been presented.

Based upon several decisions of the Virginia Supreme Court, the defendant argues that jeopardy attached after the trial of the misdemeanors began in the General District Court, and that the *nolle prosequi* should be treated the same as a dismissal on the merits. *Rosser v. Commonwealth*, 159 Va. 1028, 1036, 167 S.E. 257 (1933).

It is the view of this Court that, even if a *nolle prosequi* constitutes a dismissal for double jeopardy purposes, the misdemeanors dismissed by the General District Court on December 13, 2000 were not qualifying offenses to raise the bar of double jeopardy as to the two felony cases pending in this Court. I will address the double jeopardy issues by category below.

## Blockburger Test
### (Same-Elements Test)

In *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932), the Supreme Court of the United States set forth the traditional test for double jeopardy. Under the Blockburger test, the question is whether each offense requires proof of an additional fact which the other does not. *Id.* at 304. Stated differently, the "Blockburger" or "same-elements test" requires whether each offense contains an element not contained in the other. *United States v. Dickson*, 509 U.S. 688, 704, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993); *Sullivan v. Commonwealth*, 16 Va. App. 844, 847, 433 S.E.2d 508 (1993).

Utilizing the Blockburger Test, the threshold question is whether either or both of the misdemeanors had the same elements as either or both of the felonies. The misdemeanors clearly do not have the elements of either of the felonies.

The charge of discharging a firearm from a motor vehicle in violation of § 18.2-286.1 has different elements than brandishing a firearm and reckless use of a firearm. Section 18.2-286.1 requires the firearm be discharged and that it be done while in a motor vehicle. These elements are not required of reckless handling of a firearm or brandishing a firearm.

Likewise, different elements are required for shooting into an occupied vehicle in violation of § 18.2-154. Section 18.2-154 requires the elements of maliciously shooting at a motor vehicle when the motor vehicle is occupied. These are different elements from either reckless handling of a firearm or brandishing a firearm.

Accordingly, and in summary, the misdemeanors *nolle prosequied* in the General District Court of Nelson County do not contain the same elements as the felony charges in the Circuit Court of Nelson County.

### *Grady v. Corbin Test*
### *(Prosecution for Same Conduct)*

In *Grady v. Corbin*, 495 U.S. 508, 521, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990), the Supreme Court extended the traditional double jeopardy standard established by *Blockburger*. In *Grady v. Corbin*, the Supreme Court of the United States held that, where the government seeks to establish an essential element of an offense by conduct for which the defendant has been already prosecuted, the bar of double jeopardy is raised. The defendant cites *Grady v. Corbin* in support of his double jeopardy motion. However, *Grady v. Corbin* is expressly overruled by the Supreme Court of the United States in *United States v. Dickson, supra.* Accordingly, the same conduct test utilized by *Grady v. Corbin* to constitute double jeopardy is no longer valid. The defendant's argument based on *Grady v. Corbin* is overruled.

### *Va. Code § 19.2-294*

Section 19.2-294 of the Code of Virginia provides that, if the same act be in violation of two or more statutes, a conviction under one statute or ordinance shall be a bar to a prosecution or proceeding under the other. Although this code section has not been cited by the defendant in his argument, I am going to address this issue. The purpose of this code section, however, is to prevent the Commonwealth from subjecting an accused to successive prosecutions. *Hall v. Commonwealth*, 14 Va. App. 892, 898, 421 S.E.2d 455 (1992).

In the instant case, there has not been successive prosecutions. Prosecutions in the General District Court were simultaneous. The fact that misdemeanor charges could be brought to an early conclusion under the jurisdiction of the General District Court does not make the subsequent prosecution of the felony cases in the Circuit Court a successive prosecution which violates the provisions of § 19.2-294 of the Code of Virginia. *Slater v. Commonwealth*, 15 Va. App. 593, 595, 425 S.E.2d 816 (1993); *Phillips v. Commonwealth*, 27 Va. App. 674, 680, 500 S.E.2d 848 (1998). Accordingly, the plea of double jeopardy fails on this issue also.