COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Kelsey
Argued at Richmond, Virginia


BRIAN ODELL TOLSON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1367-04-2                      JUDGE LARRY G. ELDER
                                                    APRIL 19, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Harry T. Taliaferro, III, Judge

William A. Nunn, III (William A. Nunn, III, P.C., on brief), for
appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Brian Odell Tolson claims on appeal that his misdemeanor conviction for driving on a

suspended license and his felony habitual offender conviction involve the same offense for double

jeopardy purposes. To remedy this violation, he argues, the circuit court should have dismissed the

felony conviction. We hold Tolson failed to establish the identity of the offenses under the facts of

this case. Thus, we affirm his conviction without reaching the merits of his claim that driving on a

suspended license is a lesser-included offense of driving after having been declared a habitual

offender.

I.

In December 2003, a state trooper stopped Tolson for speeding in Lancaster County.

During the stop, Tolson admitted "that he was suspended," and a Department of Motor Vehicles

check confirmed that his license had been "suspended with notification." The trooper issued a

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

misdemeanor summons charging Tolson with "driving while suspended, 2nd or subsequent, namely 6th," in violation of Code § 46.2-301. A few weeks later, the trooper learned that Tolson had been adjudicated a habitual offender and had previously been convicted of driving under that status. The trooper then obtained a felony warrant charging Tolson with driving after having been adjudicated a habitual offender, second or subsequent offense, in violation of Code § 46.2-357.

In the general district court, the trial on the misdemeanor and the preliminary hearing on the felony were heard at the same time. The general district court convicted Tolson for the misdemeanor offense of "driving while suspended" and certified the felony to the grand jury. Tolson did not appeal his misdemeanor conviction to the circuit court.

After the grand jury indicted Tolson for the felony, he moved the circuit court to dismiss the indictment, arguing that under double jeopardy principles, his unappealed misdemeanor conviction barred further prosecution on the felony. He contended that both his misdemeanor conviction under Code § 46.2-301 and the felony charge for violating Code § 46.2-357 "were based on the same facts, same incident" and that the charge for "driving under [a] revoked or suspended operator's license is subsumed into the habitual offender charge."

The Commonwealth responded as follows:

> [T]he Court probably doesn't often see people charged with both driving after being declared an habitual offender, either a felony or a misdemeanor, and driving while suspended or revoked in violation of [Code §] 46.2-301. But in this particular case, as a matter of prosecutorial discretion, the Commonwealth elected to prosecute the Defendant for both because the Defendant has separate orders for suspension which bring into play [Code §] 46.2-301 . . . .

A copy of Tolson's driving record admitted into evidence showed he was adjudicated a habitual offender in 1999 based on convictions rendered in 1996, 1998 and 1999. The prosecutor then outlined numerous occasions *subsequent* to Tolson's 1999 habitual offender adjudication, documented by his driving record, on which his license was *suspended* with notification. The

Commonwealth argued the fact that the act of driving that supported conviction for both offenses was the same did not compel a finding that the offenses themselves were the same for purposes of double jeopardy analysis. Tolson again argued that the offenses were the same but did not address the issue of his numerous suspensions subsequent to his habitual offender adjudication and whether they were offered as the basis for his conviction on the misdemeanor charge.

The circuit court denied the motion to dismiss and convicted Tolson of driving as a habitual offender in violation of Code § 46.2-357.

II.

Double jeopardy principles forbid the imposition of multiple punishments for the "same offense" in a simultaneous prosecution and likewise bar the assertion of criminal charges on the "same offense" in a successive prosecution. See Winston v. Commonwealth, 268 Va. 564, 614, 604 S.E.2d 21, 49 (2004); Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 229 (2002). One offense is the same as another if it involves "the identical act and crime *both in law and fact*." Henson v. Commonwealth, 165 Va. 829, 832, 183 S.E. 438, 439 (1936) (citation omitted) (emphasis added). A defendant bears the burden of establishing the identity of the offenses material to his double jeopardy plea. Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 436 (1992). "Customarily, a defendant carries this burden 'by production of the record or transcript of the initial trial.'" Id. (quoting Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990)).

In Tolson's case, his only evidence to substantiate the double jeopardy claim was the summons, which reflected a conviction for "driving while *suspended*" in violation of Code § 46.2-301, based on an act of driving committed at 7:10 a.m. on December 31, 2003. Although the evidence adduced at trial established that the charge of driving after having been declared a habitual offender in violation of Code § 46.2-357 was based on the same act of driving, a

conviction for the felony offense required proof of an act of driving that occurred after the *revocation* of one's license rather than after the *suspension* thereof. The Commonwealth's evidence established that Tolson's 1999 habitual offender adjudication was based on convictions for violating Code § 46.2-301 in 1996, 1998 and 1999. Further, the Department of Motor Vehicles' transcript of Tolson's driving record revealed that his license had been *suspended* with notification on numerous occasions *subsequent to* the 1999 revocation of his license based on his adjudication as a habitual offender. In opposing Tolson's double jeopardy motion, the Commonwealth argued,

> [T]he Court probably doesn't often see people charged with both driving after being declared an habitual offender, either a felony or a misdemeanor, and driving while suspended or revoked in violation of [Code §] 46.2-301. But in this particular case, as a matter of prosecutorial discretion, the Commonwealth elected to prosecute the Defendant for both *because the Defendant has separate orders for suspension which bring into play [Code § ] 46.2-301 . . . .*

(Emphasis added). In the absence of evidence from Tolson establishing that the conviction for the misdemeanor offense was based on the same revocation as his felony charge, he has failed to establish the identity of the "act and crime *both in law and fact*." Henson, 165 Va. at 832, 183 S.E. at 439 (citation omitted) (emphasis added). Thus, the trial court's denial of his motion to dismiss on double jeopardy grounds was not error.[1]

---

[1] We need not decide whether a suspended license misdemeanor should be treated as a subset of the habitual offender felony for purposes of the double jeopardy bar when the misdemeanor and felony are based on the same revocation. We also need not decide the issue addressed in the concurrence--whether Tolson's failure to appeal his misdemeanor conviction would have amounted to a waiver of the right to any remedy if, in fact, a double jeopardy violation had occurred.

> Given our holding, any [further] discussion on [the merits of the double jeopardy defense and remedy] would conflict with two principles of judicial self-restraint: "our reluctance to issue what amounts to an 'advisory opinion' on an inessential subject," Craddock v. Commonwealth, 40 Va. App. 539, 551 n.1, 580

III.

For these reasons, we hold Tolson failed to establish the identity of the offenses under the facts of this case. Thus, we affirm his conviction without reaching the merits of his claim that driving on a suspended license is a lesser-included offense of driving after having been declared a habitual offender.

<u>Affirmed.</u>

---

S.E.2d 454, 461 n.1 (2003), and our corresponding desire to decide the case "on the best and narrowest ground available[,]" <u>Air Courier Conference v. Am. Postal Workers Union</u>, 498 U.S. 517, 531, 111 S. Ct. 913, 922, 112 L. Ed. 2d 1125, 1139 (1991) (Stevens, J., concurring).

<u>Johnson v. Commonwealth</u>, 45 Va. App. 113, 117 n.3, 609 S.E.2d 58, 60 n.3 (2005).

Kelsey, J., concurring.

I concur in the result reached by the majority, but offer a different reason for reaching it. In doing so, I see no need to decide the underlying merits of Tolson's double jeopardy argument. The unique procedural posture of this case moots any need to resolve that issue.

The general district court in this case simultaneously conducted a trial on Tolson's misdemeanor charge and a preliminary hearing on his felony charge. The general district court found Tolson guilty of the misdemeanor and certified the felony to the grand jury. Tolson did not appeal his misdemeanor conviction to the circuit court. Instead, he filed in the circuit court a motion to dismiss the indictment arguing that his misdemeanor conviction — given its final, unappealed status — barred any further prosecution on the felony. I believe just the opposite is true: Tolson's failure to appeal his misdemeanor conviction barred his motion to dismiss the felony indictment.

Double jeopardy principles preclude the imposition of multiple punishments for the "same offense" in a simultaneous prosecution as well as the later assertion of criminal charges on the "same offense" in a successive prosecution. See Winston v. Commonwealth, 268 Va. 564, 614, 604 S.E.2d 21, 49 (2004); Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 229 (2002). A misdemeanor tried by the general district court at the same time as the preliminary hearing on a felony charge involves a simultaneous, not successive, prosecution. As the Virginia Supreme Court has explained,

> the amenability of the misdemeanor charges to an early conclusion in the general district court did not result in a successive prosecution of the felony charges in the circuit court. In a criminal case, a "prosecution" is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction. The present prosecutions were simultaneous, not successive, because they were joined in a single evidentiary hearing in the general district court. Thus, the later events in the circuit court on the felony charges were merely a continuation of the same prosecution.

- 6 -

Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 343 (1999) (citations omitted) (applying simultaneous prosecution principle to Code § 19.2-294), aff'g, 27 Va. App. 674, 681-82, 500 S.E.2d 848, 851 (1998) (holding that felony and misdemeanor charges, though "instituted at separate times," were part of a simultaneous prosecution when consolidated for a hearing in the general district court); see also Dalo v. Commonwealth, 37 Va. App. 156, 162 n.2, 554 S.E.2d 705, 708 n.2 (2001) ("The charges were instituted at the same time; therefore, this appeal does not involve successive prosecutions."); Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992).

In a simultaneous prosecution, "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Stephens, 263 Va. at 62, 557 S.E.2d at 230 (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)); see also Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." Ohio v. Johnson, 467 U.S. 493, 500 (1984). In other words, a defendant can be simultaneously prosecuted for two crimes constituting a single Blockburger offense; he simply cannot be convicted and punished for both offenses.

The proper remedy for violations of the multiple punishment doctrine is the judicial vacatur of the lesser charge, not the greater. See Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981) (holding that "the proper remedy is to vacate both the conviction *and* sentence on the included offense, leaving the conviction and sentence on the greater offense intact" (citations omitted and emphasis in original)); Clayton Motors v. Commonwealth, 14 Va. App. 470, 473, 417 S.E.2d 314, 314 (1992) ("Where a defendant is convicted in a single trial

- 7 -

of a lesser included offense and the greater offense, we must vacate the conviction of the lesser included offense.").  No double jeopardy precedent authorizes a court, in a multiple punishments context, to vacate the greater charge in favor of the lesser.

Nor does the Double Jeopardy Clause permit the defendant in a simultaneous prosecution to choose which conviction he wants to deem void.  Thus, a defendant cannot simply plead guilty to the lesser charge, consent to the entry of a conviction and sentencing order, and thereby preclude the continued prosecution of, and imposition of punishment for, the greater offense.  Johnson, 467 U.S. at 501-02; see also Rea v. Commonwealth, 14 Va. App. 940, 944-45, 421 S.E.2d 464, 468 (1992).

For similar reasons, a defendant cannot claim the protections of double jeopardy after receiving a "guilty verdict in the first of two successive prosecutions, when the defendant had been responsible for insisting that there be separate rather than consolidated trials."  Johnson, 467 U.S. at 502 (summarizing Jeffers v. United States, 432 U.S. 137 (1977)).  In short, a defendant cannot by his own election separate conjoined charges and thereby successfully engineer a double jeopardy defense where none would otherwise exist.  No defendant should "be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges."  Id.

In this case, Tolson concedes his misdemeanor and felony charges arose out of a simultaneous prosecution.  He nonetheless argues that he received two punishments for the same offense because, he reasons, the misdemeanor was a lesser-included offense of the felony.  By his own election, however, Tolson foreclosed any judicial review of the issue by failing to appeal the misdemeanor conviction to the circuit court.  Because of that decision, the circuit court had no authority to provide the only relief requested by Tolson.  Double jeopardy principles can hardly treat a defendant who appeals his misdemeanor conviction less favorably than a defendant

- 8 -

who files no appeal — leaving an appealing defendant with a felony conviction, while a non-appealing defendant walks away with only a misdemeanor conviction. To be sure, a constitutional anomaly of this sort would not likely fare well under the scrutiny of settled due process norms.

In sum, no accepted understanding of double jeopardy principles puts the remedy entirely in the hands of the defendant. Nor does any other constitutional principle allow a defendant, by the simple expedient of not appealing his misdemeanor conviction, to unilaterally excuse himself from the continued prosecution of a felony when both have been conjoined in a simultaneous prosecution. What has been said in similar contexts can be said here, "neither the Double Jeopardy Clause nor any other constitutional provision exists to provide unjustified windfalls." Jones, 491 U.S. at 387.

For this reason, I would affirm the circuit court's denial of Tolson's motion to dismiss the habitual offender indictment.