COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


PAMELA RUTH HATFIELD

MEMORANDUM OPINION[*] BY
v.        Record No. 1972-07-3        JUDGE ELIZABETH A. McCLANAHAN
NOVEMBER 4, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Henry A. Vanover, Judge

Wade T. Compton (Compton & Compton, P.C., on brief), for
appellant.

Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Pamela Ruth Hatfield appeals her conviction of embezzlement and argues her conviction

violated double jeopardy principles.  We disagree and affirm the trial court.

Hatfield was indicted in Russell County and Tazewell County for embezzlement from her

employer, Community Health Clinic, which operated medical clinics in both counties.  The

Russell County indictment, dated February 13, 2006, charged Hatfield with embezzlement of

property having a value of $200 or more in Russell County from April 1, 2005 through

September 30, 2005.  The Tazewell County indictment, dated February 14, 2006, charged

Hatfield with embezzlement of property having a value of $200 or more in Tazewell County

from April 4, 2005 through September 22, 2005.  Hatfield pled guilty to the Russell County

indictment and moved to quash the Tazewell County indictment on the ground it violated her

constitutional protection against double jeopardy.  The trial court denied her motion, and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Hatfield pled guilty to the Tazewell County indictment subject to her right to appeal on the double jeopardy ground.

Double jeopardy principles protect "against a second prosecution for the same offense after either an acquittal or a conviction of that offense and against multiple punishments for the same offense." Coleman v. Commonwealth, 261 Va. 196, 199, 539 S.E.2d 732, 733 (2001). Hatfield admits she embezzled money from her employer at both the Russell County clinic and the Tazewell County clinic on dates during the time periods contained in the indictments. She argues, though, Code § 19.2-245[1] allowed the Commonwealth to prosecute her wholly in Russell County for the embezzlement at both clinics because she took the embezzled funds from Tazewell County into Russell County.[2] Code § 19.2-245 certainly subjects a defendant to prosecution in a county other than the county in which the embezzlement was initially committed if defendant takes the stolen property into the other county. Hatfield, however, failed to offer evidence to show the Commonwealth in fact prosecuted her in Russell County for property she embezzled in Tazewell County or that the embezzlement to which she pled guilty in Russell County included any property she embezzled in Tazewell County.[3] And "[t]he burden is on the

_____

[1] Code § 19.2-245 provides, in pertinent part, that

> if any person shall commit larceny or embezzlement within this Commonwealth and take the stolen property into any county or city other than the county or city within which the same was committed he shall be liable to prosecution and punishment for such larceny or embezzlement in any such county or city into which he shall have taken the property as if the same had been wholly committed therein.

[2] There is no evidence in the record, however, that substantiates Hatfield's claim that she took the money she embezzled at the Tazewell County clinic into Russell County.

[3] At the argument on Hatfield's motion to dismiss the Tazewell County indictment, the Commonwealth asserted the investigating officer's testimony would establish "[t]he indictment in Russell County did not in any way deal with the funds that were taken from Tazewell County." Counsel for Hatfield agreed he read the officer's report and "that may be [his]

defendant to substantiate [her] allegation [of double jeopardy] and establish the identity of the offenses material to [her] plea." Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 435 (1992) (internal quotations and citation omitted). Because Hatfield did not prove the Russell County conviction encompassed the same embezzlement for which she was indicted in Tazewell County, the trial court did not err in denying her motion to quash the indictment.[4]

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

---

testimony" but argued part of the embezzlement could not take place in Tazewell County and part in Russell County because under the statute, "it is as if it all was committed in Russell County."

[4] Although not argued in the trial court, Hatfield argued on brief and at oral argument that the Commonwealth's prosecution of her in Russell County for the embezzlement in Tazewell County is evidenced by the fact that the Commonwealth in Russell County sought restitution for amounts taken in both Russell County and Tazewell County. At her sentencing in Tazewell County, Hatfield's probation officer testified that with regard to restitution sought by the employer, the employer submitted a memorandum to the Russell County Circuit Court estimating a total amount taken by Hatfield in both counties combined since there was no way to determine how much was taken in each county. Even if the trial court in Russell County considered the amounts taken in Tazewell County when it sentenced Hatfield and ordered restitution, double jeopardy does not bar prosecution for criminal conduct previously considered at sentencing for a separate crime. See Witte v. United States, 515 U.S. 389 (1995) (upholding sentencing enhancements based on uncharged conduct). Hatfield was indicted for and pled guilty to taking property with a value over $200 in Russell County. Any amount of restitution ordered by the court in Russell County was not an element of that offense, McCullough v. Commonwealth, 38 Va. App. 811, 568 S.E.2d 449 (2002) (amount of restitution that may be imposed is not an element of offense that must be proved during guilt phase of trial), and thus, could not bar prosecution of Hatfield for the separate offense of embezzlement in Tazewell County.